**Harold Rowlett, Plaintiff-Appellee, v. William Hamann, Defendant-Appellant.**

**Gen. No. 52,862.**

First District, Second Division.

June 17, 1969.

Greenberg, Ziv & McCarthy, of Skokie (Thomas H. Riley, of counsel), for appellant.

Marco and Mannina, of Downers Grove, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from the judgment of $4,100 entered against defendant, William Hamann, for personal injuries and property damages sustained by Harold Rowlett, plaintiff. The suit was based on an accident which occurred on June 23, 1965, at about 5:10 p. m.

The plaintiff alleged that on that date he was riding his motorcycle east on Grand Avenue in River Grove, Illinois; that he was in the exercise of ordinary care and caution for his own safety and that of others; that the defendant, who owned and operated his 1962 four-door Chevrolet, was driving said car east on Grand Avenue at the time in question. The plaintiff alleged negligence on the part of the defendant and fixed his damages at $5,000. At the close of all the evidence, over objection, plaintiff filed Count II of his complaint, wherein he alleged that defendant's conduct was willful and wanton.

From the evidence it appears that plaintiff was in the outside lane of a four-lane highway with two lanes going in each direction. He passed a truck which was in the inside lane, and when he was a little more than a car length ahead of the truck, halfway between the truck and a green Chevrolet [defendant's], which was also in the inside lane, the Chevrolet pulled into the plaintiff's lane, struck the front tire of the plaintiff's vehicle and caused plaintiff to be thrown onto the parkway after turning several somersaults. The plaintiff was dazed for a few minutes, then got up and began wheeling his motorcycle toward the Chevrolet, at which point the Chevrolet was driven off.

Charles Petrucciani, the driver of the truck, who had witnessed the accident, testified that he had sounded his horn when the Chevrolet swerved into the lane near the plaintiff, but that it had already made contact with the motorcycle, and he saw the plaintiff "flying over the handlebars." He stated that when the Chevrolet slowed

down in front of him he observed the license number [DP 7028] and made a note of it on a piece of paper, together with the make and color of the car [green Chevrolet]. This paper was given to the plaintiff after the accident, and was introduced in evidence at the trial over the objection of the defendant. The witness testified that observing the paper at the trial did not refresh his memory as to the information it contained, but he stated he had looked at the license number of the car twice; that from the time he saw it the second time until he recorded it on the paper, a minute and a half or two minutes had elapsed. Petrucciani further testified that the driver of the Chevrolet was a man, but he could not identify the defendant as the driver. As to the facts surrounding the accident, the testimony of the plaintiff was to the same effect.

The defendant, William Hamann, who lived in River Grove, Illinois, testified that on June 23, 1965, he owned and had possession of a green Chevrolet; that he thought he had bought gasoline after work on the date in question at a station on Grand Avenue and River Road; that he did not recall what time he finished work that day; and that he was not involved in the accident that evening. Plaintiff introduced into evidence an official registration book issued by the Secretary of State, listing Illinois 1965 automobile license plates DP 7028 as having been registered to William Hamann and issued for a Chevrolet.

As previously set out, plaintiff's original complaint alleged negligence on the part of the defendant, and an amended complaint filed at the close of the case alleged willful and wanton conduct on the part of the defendant. Defendant objected to the amended complaint, but his objection was overruled. At the close of all the evidence the plaintiff tendered two forms of verdict at the conference on instructions. The defendant objected and demanded a form calling only for a general verdict, at

124

which point plaintiff withdrew his forms and proceeded upon defendant's general verdict form. The jury returned a general verdict for the plaintiff in the sum of $4,100, and answered in the negative a special interrogatory as to whether the plaintiff was contributorily negligent. Judgment was entered on the verdict, and this appeal is from that judgment.

The defendant argues:

1) It was reversible error for the trial court to have granted plaintiff leave to file an amended complaint at the close of the evidence, for willful and wanton conduct;

2) The verdict was against the manifest weight of the evidence;

3) The trial court erred in failing to give "issues instructions";

4) The paper upon which plaintiff's witness wrote defendant's license number and the color and make of the car was inadmissible hearsay evidence, and the trial court erred in failing to exclude it.

■■■ With reference to the first argument, the defendant recognizes in his brief that the determination as to whether the misconduct was willful and wanton is generally a factual question; defendant states, "no hard and thin line definition can be made." See Myers v. Krajefska, 8 Ill2d 322, 329, 134 NE2d 277. Nevertheless, the core of a willful and wanton charge is that the person accused evinced a reckless disregard for the rights and safety of the complainant. The state of mind of the defendant at the time of the occurrence is the material factor, and ordinarily such state of mind must be proved by circumstantial evidence. In most cases, more than one inference can be drawn from a given fact. In the instant case, there is evidence that the defendant drove off after striking the plaintiff. From that the infer-

ence can be drawn that defendant was unconcerned with the physical condition of the plaintiff whom he had just struck; or that, even though he did care, he feared liability. We cannot say that either of these inferences would be unreasonable; however, the jury would be entitled to believe either one from the facts before them.

■ ■ Malice may be inferred from conduct, and whether or not such malice existed is a question of fact for the jury. Chicago Traction Co. v. Mahoney, 230 Ill 562, 82 NE 868; Ficht v. Niedert Motor Service, Inc., 34 Ill App2d 360, 181 NE2d 386. In the record before us it cannot be said that the question of willful and wanton misconduct was so clearly in favor of the defendant that it was error for the trial court to have allowed plaintiff to amend his complaint and present the issue to the jury. An "error of judgment" by a motorist may establish no more than negligence, or it may establish willful and wanton misconduct, depending on the facts and circumstances present. We feel there was enough evidence in the record to justify the court's order allowing the filing of that count.

■ The defendant's second contention is that the verdict was against the manifest weight of the evidence. It is well settled in this State that a court of review will not set aside a jury verdict on the ground that it is contrary to the manifest weight of the evidence unless it is indisputable that the jury reached the wrong conclusion. On this point the defendant rests his argument on the premise that the jury returned its verdict based on a finding of willful and wanton misconduct, and he argues that such a finding is against the manifest weight of the evidence; that the verdict must be considered to be based on the willful and wanton charge, since the jury returned a general verdict, although the case had been submitted to the jury on both negligence and willful and wanton misconduct. In support of this propo-

sition, defendant cites Greene v. Noonan, 372 Ill 286, 23 NE2d 720, in which case the court said at 291:

". . . where the declaration consists of several counts, one or more of which state a cause of action the gist of which is malice, with others based upon negligence only, and the verdict is general, without specifying the count on which it is based, the presumption is that the verdict is based upon a cause of action of which malice is the gist."

In Noonan, the defendant had moved at the close of all the evidence to withdraw the malice count from the jury's consideration; his motion was overruled, and the trial court submitted the case to the jury on both counts. It was held that the trial court committed error in failing to withdraw the willful and wanton count from the jury.

In Smithers v. Henriquez, 368 Ill 588, 15 NE2d 499, the defendant had only filed a general motion for directed verdict and failed to demand a separate verdict on the two counts of negligence and willful and wanton misconduct. Defendant had failed to move for withdrawal of the willful count, and the court held defendant was not in a position to complain of the judgment.

In the case before us the defendant did request a withdrawal of the willful count, but failed to offer separate verdict forms to the jury and affirmatively objected to the plaintiff's offer of separate verdict forms. At that point the plaintiff's attorney stated:

"Judge, there have been four or five cases overruled because punitive damages were not separated from a general verdict. . . . I'll tell you what I'll do, I'll withdraw my separate verdict form and use a general verdict form if he has no objection, but his objection—but I'm telling you what the law is to ask you whether or not you are waiving your right to separate verdicts."

Defense counsel replied:

> "Judge, I am not accepting or rejecting his offer. I am just tendering my form and objecting to his verdict forms setting forth separate—"

At this point plaintiff's counsel withdrew his special verdict form and agreed to use the general verdict form tendered by defendant's counsel. As we have said, we believe there was sufficient evidence in the record to support the willful and wanton count. If there was not, under the circumstances previously set out, the defendant cannot now come to this court and ask for relief on the ground that the law presumed the verdict was on the willful and wanton count. Defendant has waived whatever objection he might have to the form of verdict.

The defendant contends that the court committed reversible error because an "issues instruction" was not given. No instructions, given or refused, were abstracted; the defendant made no "good faith effort" to comply with Supreme Court Rule 342(g). In spite of that fact, we have examined the instructions in the record and find that the court committed no reversible error as far as the instructions are concerned.

■■ Finally, defendant argues that the piece of paper on which plaintiff's witness wrote the license number and make and color of defendant's car was inadmissible hearsay, and that to permit its introduction into evidence was error. Where a witness testifies that he now has no memory of the facts contained in a written memorandum made by him, but vouches for its correctness, the writing should be admitted as evidence of the facts recited in the writing. It is past recollection recorded. McCormick, Evidence § 276 (1954 ed); Cleary, Handbook of Illinois Evidence § 17.32 (1963 ed). In Wolf v. City of Chicago, 78 Ill App2d 337, 223 NE2d 248, the court held that evidence of the character here in question is admissible. In Stanton v. Pennsylvania R.

Co., 32 Ill App2d 406, 178 NE2d 121, the court cited and quoted from Diamond Glue Co. v. Wietzychowski, 227 Ill 338, 347, 81 NE 392, as follows:

> "Another condition under which a writing may be used is where the witness, after inspecting a writing, still has no independent recollection of the facts stated therein, but is able to state that he correctly reduced them to writing at the time of the occurrence or within such a time afterward that he had a perfect recollection of them."

The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS, P. J. and BURKE, J., concur.