JAMES KUPIANEN, JR., by James Kupianen, Sr., his Father and Next Friend, Plaintiff, *v.* ELAINE GRAHAM, Adm'r of the Estate of Kimberly Hovanes, Deceased, *et al.*, Defendants.—(ELAINE GRAHAM, Adm'r of the Estate of Kimberly Hovanes, Deceased, Cross-Plaintiff-Appellant, *v.* THE VILLAGE OF PALOS PARK *et al.*, Cross-Defendants-Appellees.)

First District (2nd Division)    No. 81-1317

Opinion filed June 8, 1982.

Walter M. Ketchum, Ltd. and Law Offices of Jeffrey A. Kripton, both of Chicago (Jeffrey A. Kripton, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Tracy C. Beggs, and Thomas S. White, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

James Kupianen was an occupant in a vehicle driven by Kimberly Hovanes when it collided with a Palos Park police vehicle driven by John Grigas at the intersection of 123d Street and 86th Avenue in Palos Park, Illinois, on July 8, 1978. Kimberly Hovanes died thereafter and an estate was opened in her behalf with Elaine Graham named as her administrator. Kupianen filed a complaint against Graham, the Village of Palos Park (sometimes "Village") and Grigas for personal injuries. Graham filed an answer denying responsibility for Kupianen's injuries and filed a counterclaim in three counts against the Village of Palos Park and Grigas. Counts I and II of the counterclaim alleged negligence against the Village of Palos Park and Grigas. These counts are not at issue. Count III of the counterclaim alleged wilful and wanton misconduct against the Village and Grigas and requested relief in the form of both compensatory and

punitive damages. On motion of the Village and Grigas, pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45), count III was dismissed with prejudice on the ground that punitive damages are not recoverable under the Illinois "Survival Act" (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6, formerly 1975, ch. 3, par. 339), and the Illinois Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 1 *et seq.*).

Thereafter Graham moved to vacate the order of dismissal and sought to amend count III by deleting punitive damages from the ad damnum, which motion was denied on the ground that a cause of action for wilful and wanton misconduct is precluded under the Wrongful Death Act by the holding of the supreme court in *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509 (hereinafter *"Mattyasovszky"*). From this order of dismissal, Graham pursues the appeal, identifying as error the trial court's dismissal of count III alleging wilful and wanton misconduct in a wrongful death action and asserting abuse of discretion by the trial court in refusing to allow count III of the counterclaim to be amended.

For reasons hereinafter set forth, the order of dismissal must be reversed and the cause remanded.

Each of the parties rely upon *Mattyasovszky* as authority for their respective positions,[1] as did the trial court. The order signed by the trial court contains, among other provisions, the following language:

> "IT IS HEREBY FURTHER ORDERED that this court finds that Count III of the cross [*sic*] plaintiff's cross [*sic*][2] claim is insufficient as a matter of law on the grounds that under the decision of *Mattyasovszky v. West Towns Bus Co.* * * * [citation] allegations setting forth a purported cause of action for wilful and wanton misconduct are precluded under the Illinois Wrongful Death Act for the reason that punitive damages are not recoverable in actions based on said statute; * * *."

*Mattyasovszky* does not so hold. In that case, defendant was found guilty of wilful and wanton misconduct and plaintiff was awarded $75,000 in pecuniary damages and $50,000 in punitive damages for the death of a 12-year-old boy whose foot was caught in the bus door and was killed as the bus moved forward. The supreme court "severely limited" the questions presented in that appeal:

> "(1) Are punitive damages recoverable under the 'survival act'

---

[1] Graham also relies upon *Kirshenbaum v. City of Chicago* (1976), 43 Ill. App. 3d 529, 357 N.E.2d 521; however, it is unclear as to whether the judgments entered in that case were for compensatory or punitive damages.

[2] Section 38(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 38(1)) specifically requires that a cross demand be designated as a "counterclaim" and we shall hereinafter so refer to it, although the parties and the court designate the pleading at issue as a "cross-claim."

\* \* \* [citation], and (2) is there a common law action for wrongful death which includes the element of punitive damages."

■■ The supreme court observed in *Mattyasovszky* that the law in this State for more than 100 years has limited recovery under the Survival Act to compensatory damages and, following its review of earlier cases, concluded that punitive damages thereunder could not be allowed, and declined to recognize a common law action for wrongful death which would include exemplary damages. The supreme court affirmed the judgment of the appellate court which, significantly, had affirmed the award of pecuniary damages and reversed the judgment which awarded punitive damages, leaving intact the jury verdict finding defendant guilty of wilful and wanton misconduct. The appellate court (21 Ill. App. 3d 46, 55), in denying defendant's request for remandment for a new trial on the basis that it was prejudiced in the eyes of the jurors by the trial court allowing arguments, evidence and instructions on wilful and wanton misconduct, held that such misconduct is indeed a ground for seeking recovery of pecuniary damages in a wrongful death action, citing *Chicago City Ry. Co. v. O'Donnell* (1903), 109 Ill. App. 616, *aff'd* (1904), 207 Ill. 478. That finding by the appellate court in *Mattasovszky* was left undisturbed by the supreme court.

■■ In the present case, the identity of defendants also may be of particular importance with respect to the issue herein raised. Defendant Grigas, operator of a police vehicle owned by the Village, may well be proved at trial to have been a public employee. Under section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act") (Ill. Rev. Stat. 1979, ch. 85, par. 2—202), such an employee is relieved of liability for his acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute wilful and wanton negligence. To deny Graham the right to pursue allegations of wilful and wanton misconduct, absent a prayer for punitive damages, would effectively deny her a remedy provided for by article I, section 12 of the 1970 Illinois Constitution and by the Survival Act, Wrongful Death Act as well as the Tort Immunity Act.[3] Such a result, as we have seen, is neither mandated nor suggested by the supreme court in *Mattyasovszky*.

Accordingly, the dismissal of count III of Graham's counterclaim must be reversed.

Argument is made by the Village and Grigas that wilful and wanton activity as defined generally is reprehensible and will generate strong feelings in the already charged atmosphere of a death case; however, as

---

[3] *Cf.* section 1—4—6 of the Illinois Municipal Code. Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6; *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144.

the appellate court stated in *Mattyasovszky* such a claim is without merit and has no basis in the law. 21 Ill. App. 3d 46, 55.

The abuse of discretion ascribed to the trial court by Graham relates additionally to the court's refusal to allow Graham to amend count III of the counterclaim so as to permit her to fully present her claim, citing *Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.* (1980), 87 Ill. App. 3d 757, 410 N.E.2d 205, and *Schlossberg v. E. L. Trendel & Associates, Inc.* (1978), 63 Ill. App. 3d 939, 380 N.E.2d 950. The decision as to whether to allow or deny an amendment rests within the sound discretion of the trial court. (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170; *Banks v. United Insurance Company of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.) Among the factors to be considered in whether that discretion was properly exercised is whether the proposed amendment would cure the defective pleading (*DMI, Inc. v. Country Mutual Insurance Co.* (1980), 82 Ill. App. 3d 113, 402 N.E.2d 805); whether other parties would sustain prejudice or surprise by virtue of the proposed amendment (*First National Bank & Trust Co. v. Sousanes* (1978), 66 Ill. App. 3d 394, 384 N.E.2d 30; *Baird & Warner, Inc. v. Ruud* (1976), 45 Ill. App. 3d 223, 230, 359 N.E.2d 745); the timeliness of the proposed amendment (*Able v. Pure Oil Co.* (1972), 8 Ill. App. 3d 558, 290 N.E.2d 331); and whether previous opportunities to amend the pleadings could be identified. *Friestedt v. Chicago Transit Authority* (1970), 129 Ill. App. 2d 153, 262 N.E.2d 771.

■■ In the case *sub judice*, Graham sought to present an amendment to count III which deleted the request for punitive damages and would have cured the issue of damages under the Survival Act and Wrongful Death Act. No prejudice or surprise could have resulted to the other parties since the case was still at the pleading stage. The proposed amendment was presented to the trial court at the time the motion to vacate was heard. Finally, the denial of the motion to amend count III effectively prevented Graham from fully presenting her claim. Under these circumstances it cannot be said that the trial court's discretion was properly exercised in the furtherance of justice, and, upon remandment Graham should be permitted to file a properly articulated count III.

■■ The Village and Grigas note that the proposed amended count III submitted to the trial court failed to properly state a cause of action for wilful and wanton misconduct under the holding in *Pendowski v. Patent Scaffolding Co.* (1980), 89 Ill. App. 3d 484, 411 N.E.2d 910, and *Rowlett v. Hamann* (1969), 112 Ill. App. 2d 121, 251 N.E.2d 358, claiming the absence of the allegations of facts necessary to state an action for wilful and wanton misconduct. We have previously addressed ourselves to the issue of proper articulation of wilful and wanton misconduct in *Pendow-*

*ski v. Patent Scaffolding Co.*; however, the supreme court in *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, decided after *Pendowski* that, with regard to a similarly articulated wilful and wanton count, a "* * * plaintiff should be allowed to present evidence in support of * * *" such allegations at trial, a right which Graham in the present case therefore must be allowed to exercise.

For the foregoing reasons, we are compelled to reverse the dismissal of count III of the counterclaim and remand the cause with directions to permit Graham to file a second amended count III.

Reversed and remanded with directions.

STAMOS, P. J., and DOWNING, J., concur.