BEVERLY SUNDERLAND, Plaintiff-Appellant, v. TRI-CITY COMMUNITY UNIT SCHOOL DISTRICT NO. 1 *et al.*, Defendants-Appellees.

Fourth District    No. 4—89—0523

Opinion filed January 18, 1990.

Burger, Fombelle, Zachry & Rathbun, P.C., of Decatur (Norman J. Fombelle and James E. Zachry, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Kurt M. Koepke and Frederick P. Velde, of counsel), for appellees.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff sued for injuries allegedly caused by defendants Tri-City Community Unit School District No. 1 (School) and Lisa Nunes (Nunes). The trial court granted defendant School's motion to dismiss. Defendant Nunes subsequently filed a motion to dismiss, which was also granted. The trial court held that Nunes was covered by the Lo-

cal Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 *et seq.*) and that plaintiff had filed suit after the one-year statute of limitations contained in the Act. Plaintiff now appeals Nunes' dismissal from the suit.

On January 8, 1987, plaintiff, Beverly Sunderland, was injured at the Tri-City School gymnasium due to the alleged negligent acts or omissions of defendants School and Nunes. Plaintiff argues that her foot was injured when Nunes, a student at the school and manager of the school's volleyball team, wheeled the volleyball stand onto the gym floor. The stand separated from its support and landed on plaintiff's foot, causing severe injury.

Plaintiff filed suit on January 4, 1989, against both defendants. The school district filed a motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5)), citing the statute of limitations for bringing civil suit against local governments and their employees (Ill. Rev. Stat. 1987, ch. 85, par. 8—101). The trial court granted defendant School's motion to dismiss because plaintiff failed to commence her action within the one-year limitations period provided by the Act.

Defendant Nunes filed an answer and affirmative defense to plaintiff's complaint on February 15, 1989. However, on March 10, 1989, Nunes filed a motion to withdraw answer, and on April 24, 1989, filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The motion to dismiss cited the statute of limitations provided in sections 8—101 and 1—202 of the Act. (Ill. Rev. Stat. 1987, ch. 85, pars. 8—101, 1—202 (defining local government employees).) The trial court found Nunes to be an employee of the school district as defined by section 1—202 of the Act at the time of the occurrence alleged in plaintiff's complaint. The court further found that plaintiff had failed to commence her action within the one-year limitations period provided in section 8—101 of the Act. Consequently, the trial court granted Nunes' motion to dismiss. Plaintiff now appeals.

Plaintiff first contends that the trial court erred in finding Nunes, a student manager of the volleyball team, an employee under the Act. Plaintiff claims that because the Act is in derogation of common law, it should be strictly construed against the local public entity. (*Clark v. City of Chicago* (1980), 88 Ill. App. 3d 760, 410 N.E.2d 1025.) A strict construction of the definition of "employee" under the Act, plaintiff argues, does not include a student manager of a volleyball team.

■ Section 1—202 of the Act states in pertinent part:

" 'Employee' includes a present or former officer, member of a board, commission or committee, agent, *volunteer*, servant or

employee whether or not compensated, but does not include an independent contractor." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 85, par. 1—202.

At issue is whether the term "volunteer" in section 1—202 of the Act includes a student team manager. We find that under the facts of this case, defendant Nunes was a volunteer at the time of the alleged incident, and thus an employee, for the purposes of section 8—101 of the Act.

■■ ■ A volunteer is one who gives his services without any express or implied promise of remuneration. (*Chicago & E.I. R.R. Co. v. Argo* (1898), 82 Ill. App. 667.) At the time of the alleged accident, Nunes was acting solely as an unpaid manager of the school's volleyball team. She was under the direction and supervision of teachers and coaches when she moved the volleyball stand. As such, Nunes was a volunteer. The Act includes volunteers in its definition of employee, and where the language of a statute is clear, its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Server* (1986), 148 Ill. App. 3d 888, 499 N.E.2d 1019, *cert. denied* (1987), 484 U.S. 842, 98 L. Ed. 2d 88, 108 S. Ct. 131.) A janitor moving a volleyball stand would be protected by the Act. There is no reason why a student moving a volleyball stand as a volunteer should not be afforded the same protection simply because she is a student.

Our finding is strengthened by the fact that the legislature amended section 1—202 of the Act effective November 25, 1986, by inserting the words "agent" and "volunteer." (1986 Ill. Laws 3740, 3741.) The purpose of this change was to broaden the scope of immunities provided for under the Act.

Plaintiff's second contention is that the trial court abused its discretion in allowing Nunes to withdraw her original answer and file a motion to dismiss. Plaintiff claims that Nunes waived her right to withdraw her original answer and raise an affirmative defense.

■■ Section 2—616(a) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a)) states that amendments raising new defenses may be allowed at any time before final judgment. This statute is to be liberally construed, and any doubts should be resolved in favor of allowing amendments. *People ex rel. Foreman v. Village of Round Lake Park* (1988), 171 Ill. App. 3d 443, 525 N.E.2d 868.

■■ The trial court has discretion to allow such amendments to pleadings. (*Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774.) Factors to be considered in determining whether the trial court abused its discretion include whether proposed amendment

would cure defective pleading; whether other parties would sustain prejudice or surprise by virtue of proposed amendment; and whether previous opportunities to amend pleadings could be identified. *Kupianen*, 107 Ill. App. 3d at 377, 437 N.E.2d at 776-77.

■ Defendant's motion to withdraw answer and the subsequent filing of a motion to dismiss were intended to raise an affirmative defense. Plaintiff does not allege any prejudice or surprise, but only that defendant waived her right to raise an affirmative defense. Section 2—616(a) of the Code, however, specifically allows such amendments. We find no abuse of discretion here.

For the foregoing reasons, the trial court is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.