SIGMA COMPANIES, INC., Plaintiff-Appellant, v. JOHN P. REGAS, Defendant-Appellee.

First District (1st Division)   No. 1—92—0309

Opinion filed September 30, 1993.

Tenney & Bentley, of Chicago (Richard J. Cochran, of counsel), for appellant.

Regas, Frezados & Harp, of Chicago (Peter G. Frezados, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

The plaintiff-appellant, Sigma Companies, Inc., appeals the trial court's judgment on the pleadings entered in favor of defendant-appellee, John P. Regas. Sigma also appeals the trial court's orders denying its motion for summary judgment and motion for leave to amend the complaint.

The issues on appeal are: (1) whether the trial court erred in granting judgment on the pleadings in favor of defendant; (2) whether the trial court committed error when it denied plaintiff's motion for summary judgment; and (3) whether the trial court abused its discretion when it denied plaintiff's motion to amend its complaint.

The record reveals that appellant, Sigma Companies, Inc. (plaintiff), filed a complaint alleging that pursuant to a letter of agreement, appellee, John P. Regas (defendant), Patricia Jones and Fiber-Seal Chicago, Inc. (Fiber-Seal), neither of whom is a part of this appeal, hired plaintiff as their exclusive representative to sell the stocks or assets of Fiber-Seal. The letter of agreement is set forth below:

"July 26, 1984

Mr. Donald R. Allen
President
Sigma Companies, Inc.
410 North Michigan Avenue
Chicago, IL. 60611

Dear Mr. Allen:

This is our agreement that the shareholders of FIBER-SEAL/Chicago Inc. appoints [sic] Sigma Companies, Inc. as our exclusive representative for purposes of selling the stock or assets of FIBER-SEAL/Chicago, Inc. to another party. In compensation of [sic] Sigma's efforts, shareholders will pay Sigma a fee equal to 10% of the total purchase price in cash at the close.

This agreement covers only those interested parties solicited by Mr. Allen.

If there is no close, shareholders are under no obligation. This agreement expires December 31, 1984 but includes any party covered by this agreement who may close before January 1, 1987.

Sincerely yours,                    Sincerely yours,

Pat Jones                          John Regas
Vice President & Shareholder        President
                                    & Shareholder.''

The complaint further alleged that, subsequently, defendant and/or Jones sold the stocks or assets of Fiber-Seal to third parties for approximately $200,000. Plaintiff claimed a fee equal to 10% which was not paid by defendant. The amended answer included two affirmative defenses alleging (1) that contrary to the second paragraph of the letter of agreement, neither stocks nor assets were sold to a party solicited by Mr. Allen, and (2) that the complaint failed to state a cause of action because it did not allege that the stocks or assets were sold to a person solicited by Mr. Allen.

Thereafter, both parties filed motions for summary judgment that were supported by affidavits. Plaintiff's motion was supported by the affidavit of Donald Allen, who averred that in June of 1984 he met with William Kaplan at Kaplan's office to present businesses for his consideration and at that time described Fiber-Seal to him. Mr. Kaplan replied that he knew about Fiber-Seal, thought it was a good company, but was not interested in purchasing it. Defendant's motion was supported by his own affidavit and that of Mr. Kaplan. Defendant's affidavit acknowledged that Kaplan told him Allen had approached Kaplan and that he had rejected his overtures with respect to the sale of Fiber-Seal. Kaplan's affidavit acknowledged that he met Allen in his office but stated he "has no recollection in this meeting that Donald Allen ever mentioned Fiber-Seal was for sale." In his answer to plaintiff's motion, defendant stated that in April of 1985 Kaplan informed Steven Barth and Sheldon Karras that Fiber-Seal was for sale and the three formed a corporation (Byco) for the purpose of purchasing Fiber-Seal and did in fact purchase it for $200,000. The trial court denied both motions finding that there was a genuine issue of material fact as to whether Allen solicited Kaplan to purchase Fiber-Seal.

The matter was then assigned for trial at which time both parties presented motions *in limine*. In defendant's motion *in limine* he sought to bar plaintiff from presenting any evidence regarding his activities prior to July 26, 1984, which he alleges is the date the letter of agreement was signed between Sigma Companies and John P. Regas. Defendant further argues that since there was no purported agreement before this date, the defendant would not be obligated to compensate plaintiff for any efforts that may have been undertaken on his part prior to that date.

Plaintiff objected to defendant's motion *in limine,* asserting: (1) Mr. Regas telephoned Mr. Allen to ask that he consider acting as a broker for the sale of his business, Fiber-Seal Chicago, Inc.; (2) during that telephone conversation a meeting was scheduled, and on April 15, 1983, Mr. Allen, Patricia Jones, and Mr. Regas met to discuss hiring Sigma Companies to represent Ms. Jones and Mr. Regas in the sale of either their stock in Fiber-Seal or the assets of the company; (3) at that meeting Mr. Allen explained to both Jones and Regas that he worked on a commission basis and his standard commission for this type of sale was 10% of the purchase price of the company; (4) Jones and Regas orally agreed to this arrangement; (5) Mr. Allen told Jones and Regas at that meeting that he would like written confirmation of this fee agreement; (6) according to the record, the agreement was drafted by Sigma and forwarded to Regas and Jones to confirm on their stationery; (7) subsequently, in reliance on the oral agreement, Allen began working by soliciting a variety of persons for the sale of Fiber-Seal or its assets; and (8) following a series of negotiations, Sigma, Regas and Jones reached a written agreement.

Based thereon, the trial court entered an order barring plaintiff from presenting testimony or evidence regarding its alleged activities to procure an interested party to purchase Fiber-Seal prior to the date of the contract. The trial court found that the contract came into existence on July 26, 1984. The plaintiff sought to amend the complaint to allege for the first time that the actual date of the agreement between the parties was April 15, 1984, when they allegedly orally agreed to the terms which were reduced to writing in the form of the letter of July 26, 1984. The court denied plaintiff's motion for leave to amend. The parties then entered into a stipulation that Allen first contacted Kaplan in June of 1984 regarding the sale of Fiber-Seal. Based on the court's rulings on the motions *in limine* and the stipulations, defendant moved for and

the trial court entered judgment on the pleadings in favor of defendant.

The first issue on appeal is whether the trial court erred in granting judgment on the pleadings in favor of defendant. Plaintiff contends that this was error because the court did so based on a defense not raised in the pleadings or in the cross-motions for summary judgment, namely, that the letter of agreement did not cover interested parties solicited by Allen prior to the date of the letter of agreement. Plaintiff maintains that the court as a matter of law improperly construed the letter of agreement by failing to look to the intent of the parties and by failing to read the document as a whole. Plaintiff asks this court on review to interpret the contract independently of the trial court's determination. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1021, 557 N.E.2d 1281.) Plaintiff argues that if this court reviews the letter of agreement it will find either that the contract contains no limitation requiring solicitation to occur after the date of the letter of agreement or that the language is ambiguous as to whether a solicitation before July 26, 1984, qualifies as a solicitation under the letter of agreement.

Defendant contends that the trial court properly entered judgment on the pleadings in his favor, maintaining that the trial court properly examined and correctly interpreted the letter of agreement as a matter of law. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recovery. *Continental Mobil Telephone Co. v. Chicago S M S A Ltd. Partnership* (1992), 225 Ill. App. 3d 317, 587 N.E.2d 1169.

The primary objective in construing a contract is to ascertain the intent of the parties and give effect to that intent. (See *United Airlines, Inc. v. City of Chicago* (1987), 116 Ill. 2d 311, 318, 507 N.E.2d 858.) Where the contract is clear and unambiguous, the parties' intent must be ascertained from the contract itself and drawn only from the words used. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 456 N.E.2d 298.) Thus, when the terms of a contract are clear and unambiguous, they must be enforced. (*Madigan Brothers, Inc. v. Melrose Shopping Center Co.* (1984), 123 Ill. App. 3d 851, 463 N.E.2d 824.) Further, if the contract imports on its face to be a complete expression of the whole agreement, it is presumed that the parties introduced into it every material item, and parol evidence cannot be admitted to add another term. See *Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 418

N.E.2d 431; *Sunstream Jet Express, Inc. v. International Air Service Co.* (7th Cir. 1984), 734 F.2d 1258, 1265.

■■ Illinois courts have described an ambiguous contract as one in which the language is reasonably and fairly susceptible to more than one meaning. (*Sunstream*, 734 F.2d at 1269.) In this case, it appears that the letter of agreement is unclear. Although it is dated July 26, 1984, the letter contains no provision as to the beginning date of the agreement, whereas it clearly sets forth an ending date. The statement "This is our agreement" etc. is reasonably and fairly susceptible to more than one meaning: (1) that it confirms an agreement previously made, as contended by the plaintiff, or (2) that it was an agreement made on the date of the letter, as contended by the defendant. Since the letter of agreement is ambiguous as to the beginning date of the contract, parol evidence is admissible to determine the intent of the parties as to its beginning date.

It therefore appears that there may be facts which, if proven, would entitle the plaintiff to recovery. If plaintiff can establish that the solicitation of an interested party occurred during the period of time covered by the agreement, plaintiff is entitled to recovery. The trial court erred in denying plaintiff the opportunity to introduce evidence as to the date of the agreement and in entering judgment on the pleadings in favor of defendant.

■ The second issue on appeal is whether the trial court committed error when it denied plaintiff's motion for summary judgment. While the use of summary judgment is to be encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. (*Leoris & Cohen, P.C. v. McNiece* (1992), 226 Ill. App. 3d 591, 589 N.E.2d 1060.) A motion for summary judgment should be granted when the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2–1005 (West 1992).) In determining whether a triable issue of fact exists, the pleadings, depositions, admissions and affidavits must be construed against the movant and in favor of the opponent. *Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552.

Plaintiff contends: (1) that its motion for summary judgment should have been granted because the motion was supported by Mr. Allen's unequivocal affidavit that he solicited Kaplan to purchase Fiber-Seal; (2) defendant's counteraffidavit signed by Kaplan that

he does not remember Allen mentioning Fiber-Seal did nothing to controvert Allen's account of what occurred; and (3) defendant's own affidavit confirms that Allen did in fact approach Kaplan regarding the sale of Fiber-Seal. Thus, plaintiff argues since it had an exclusive listing and needed only to solicit an interested party, plaintiff is entitled to the commission.

Defendant asserts that the motion and cross-motion for summary judgment brought to the court's attention the factual issue as to whether or not the plaintiff solicited the buyer. Defendant further contends, however, that the buyer's deposition clearly established that plaintiff did not solicit the buyer and that the buyer knew that the business was for sale prior to the meeting with plaintiff. However, defendant contends that issue was rendered moot in any event because plaintiff took no action after July 26, 1984, which defendant contends was the effective date of the contract, which was prospective in nature.

As we have previously indicated, based upon a review of the record there is a genuine issue of material fact as to when the contract began. Therefore, the trial court properly denied the motions for summary judgment.

■■ The third issue on appeal is whether the trial court abused its discretion by denying plaintiff's motion to amend its complaint. A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just. (735 ILCS 5/2—616 (West 1992).) The determination as to whether to allow an amendment to a complaint rests within the sound discretion of the trial court and will not be disturbed unless there is a showing of an abuse of discretion. See *Tallas v. Youngstown Sheet & Tube Co.* (1985), 134 Ill. App. 3d 103, 479 N.E.2d 1052.

Factors to be considered in determining whether the trial court abused its discretion in allowing defendant to amend its pleadings include whether the proposed amendment would cure a defective pleading, whether other parties would sustain prejudice or surprise by virtue of the proposed amendment, and whether previous opportunities to amend pleadings could be identified. (*Sunderland v. Tri-City Community Unit School District No. 1* (1990), 193 Ill. App. 3d 266, 549 N.E.2d 992.) The power to allow amendments should be freely exercised so that litigants may fully present their alleged cause or causes of action. *Miller v. Enslen* (1978), 60 Ill. App. 3d 865, 377 N.E.2d 282.

In the instant case, plaintiff contends that there had been no prior amendment; defendant raised a new defense after the case was assigned for trial; and the proposed amended complaint pleaded facts which would have cured the perceived defect in the original complaint in that it clarified plaintiff's contention that the parties had a prior oral agreement which was being confirmed by the letter of agreement. Plaintiff further argues that throughout the litigation, he had contended that the parties intended that plaintiff's work from April 15, 1983, the date of the alleged oral agreement, onward be included under the agreement, and that defendant would not be surprised or prejudiced by the amendment. *Hoffman v. Nustra* (1986), 143 Ill. App. 3d 259, 265, 492 N.E.2d 981.

Defendant's opposition to the proposed amendment is based essentially on his contention that allowing the amendment would allow plaintiff to introduce parol evidence to vary the express language of a written contract. As we have previously ruled that the contract is ambiguous as to its beginning date, this argument necessarily must fall. Defendant does not claim surprise or prejudice by the proposed amendment, and indeed, no surprise or prejudice appears. Under the liberal rules of pleadings and allowance of amendments, the denial of plaintiff's motion for leave to amend was a clear abuse of discretion and must be reversed.

For the foregoing reasons, the judgment of the trial court denying plaintiff's motion to amend its pleadings is reversed. The granting of the judgment on the pleadings in favor of defendant is also reversed. The denial of plaintiff's motion for summary judgment is affirmed. This cause is remanded to the trial court for appropriate action not inconsistent with this opinion.

Reversed in part; affirmed in part and remanded.

BUCKLEY and CAMPBELL, JJ., concur.