LAURA DORY, Plaintiff-Appellant, v. PAUL KOVATCHIS *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—0413

Opinion filed April 9, 1990.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellant.

Moore & Maisel, and Orner & Wasserman, Ltd., both of Chicago (Thomas J. Branit, Travis G. Maisel, Esther Joy Schwartz, and Helen Wong Nehok, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Laura Dory was 84 years old when she slipped and fell on defendant Paul Kovatchis' property injuring her left leg, hip, and arm. Dory sued Kovatchis and Farmers Pride Sausage Company (Farmers Pride), an unincorporated business owned by Kovatchis and his wife and located and conducting business on Kovatchis' property at 6224 West Diversey in Chicago, for negligently removing snow, negligently designing the driveway, and negligently blocking the sidewalk. The trial court entered summary judgment for Kovatchis, concluding as a matter of law that Dory was a trespasser and that Kovatchis did not owe her any duty. Dory appeals, arguing that Kovatchis owed her a duty of reasonable care under the circumstances. For the reasons below, we reverse the summary judgment for Kovatchis and the case is remanded for further proceedings consistent with the views of this opinion.

On January 5, 1985, as Dory was walking on a public sidewalk parallel to Kovatchis' property, she encountered a van owned either by Kovatchis or Farmers Pride blocking the sidewalk. We will refer to the van as being owned by Kovatchis since Farmers Pride was unincorporated at the time of Dory's injury. It is uncontroverted that the van was used for both business and personal purposes by Kovatchis and his son Tony, who was also an employee of Farmers Pride. At the time of Dory's injury, the van that blocked the sidewalk had been parked by Tony, who was using the van with Kovatchis' permission.

When Dory encountered Kovatchis' van blocking the sidewalk, she stopped and looked for an alternate route. The only other path she found was across Kovatchis' icy and sloping driveway. As Dory stepped onto Kovatchis' driveway, she slipped and fell on an accumulation of ice, which had been covered by a dusting of snow. The trial court had granted Kovatchis' motion for summary judgment, finding that Dory was a trespasser and that Kovatchis, therefore, did not owe her a duty of care.

■■ Dory argues that Kovatchis owed her a duty of reasonable care under the circumstances. We agree. The sidewalks belong to the public, and the public primarily has the right to the free and unobstructed use thereof. (*Garibaldi & Cuneo v. O'Connor* (1904), 210 Ill. 284, 287, 71 N.E. 379.) Kovatchis, therefore, had a duty to provide a safe, unobstructed passage over the public sidewalk, which was adjacent to his property. This duty is exemplified by the Municipal Code of Chicago, section 27–311(a)(10) (1984), which provides that it shall be unlawful for the operator of any vehicle to stop, stand or park such vehicle except when necessary to avoid other traffic or in compliance with directions of a police officer or official traffic sign or signal on any sidewalk. (See Chicago Municipal Code §27–311(a)(10) (1984).) It is overwhelmingly obvious that the purpose of the ordinance is to insure that pedestrians have a safe and unobstructed passage over public sidewalks which are adjacent to private property. In *Garibaldi & Cuneo v. O'Connor* (1904), 210 Ill. 284, 287, 71 N.E. 379, the court imposed liability on a landowner where the landowner had failed to provide such safe and unobstructed passage and a pedestrian was injured as a result on the obstructed sidewalk. Liability has also been imposed even where the injury did not occur on the sidewalk itself, but rather on the alternate route, which an obstruction required the pedestrian to use. (*Sweat v. Aircraft & Diesel Equipment Corp.* (1948), 335 Ill. App. 177, 81 N.E.2d 8.) Therefore, this court holds that Kovatchis owed Dory an affirmative duty to provide safe and unobstructed passage over the sidewalk adjacent to his property.

■■ Kovatchis breached his duty. It is uncontroverted that Kovatchis' sidewalk was blocked by Kovatchis' (or Kovatchis' unincorporated business entity's) van, which was being used by Kovatchis' son with Kovatchis' permission. Kovatchis' failure to provide safe and unobstructed passage over the sidewalk adjacent to his property constituted a breach of his duty to Dory. In reaching this conclusion, we distinguish the facts of this case from a situation in which the blockage of a sidewalk is caused by the unauthorized acts of third parties.

■■ Kovatchis' breach of his duty to provide safe and unobstructed passage over the sidewalk adjacent to his property was the proximate cause of Dory's injury. It is uncontroverted that Dory was wrongfully forced off and excluded from the public sidewalk as a result of the van blocking the sidewalk. It is also uncontroverted that she had to seek an alternate route. While Kovatchis suggests that at least one other route may have been available to Dory, he does not argue that Dory acted unreasonably by entering Kovatchis' driveway to go around the van. Furthermore, in this court's opinion, as a mat-

ter of law, it was foreseeable that a reasonable person would walk around the van since the sidewalk was blocked. It is also uncontroverted that the driveway was sloped and icy, that the ice was hidden by a thin layer of snow drift, and that the slope and hidden ice caused Dory to slip and fall, which resulted in her injuries. Consequently, this court holds that Kovatchis' breach of his duty to provide safe and unobstructed passage over the sidewalk adjacent to his property was the proximate cause of Dory's injuries.

■ In conclusion, the trial court erroneously determined that, as a matter of law, Dory was not owed a duty and improperly granted Kovatchis summary judgment. The trial court should have found that Kovatchis owed Dory a duty to provide safe and unobstructed passage over the sidewalk adjacent to his property. It was foreseeable that a reasonable person would walk around a vehicle parked on a driveway in a manner which blocked the sidewalk. Kovatchis' failure to satisfy this duty was the proximate cause of Dory's injuries. The summary judgment for Kovatchis is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BUCKLEY, P.J., and MANNING, J., concur.