GEORGE TRUCCO *et al.*, Plaintiffs-Appellants, v. WALGREEN COMPANY, Defendant and Counterplaintiff-Appellant (Chicago Tribune Company, Defendant and Counterdefendant-Appellee).

First District (3rd Division)   Nos. 1—90—0948, 1—90—1050 cons.

Opinion filed September 11, 1991.

Robert B. Thompson, of Chicago, for appellants George Trucco and Norene Trucco.

Magiera & Morrissey, P.C., of Chicago (Matthew J. Morrissey, of counsel), for appellant Walgreen Co.

Querrey & Harrow, Ltd., of Chicago (Michael Resis, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiffs George Trucco (plaintiff) and Norene Trucco and defendant Walgreens appeal from an order granting summary judgment to defendant Chicago Tribune Company (Tribune) in a negligence action alleging a Tribune driver parked a delivery truck over a portion of Walgreens' parking lot used as a footpath through snow and ice, thus causing plaintiff to fall on surrounding ice and snow while attempting to walk around the truck.

We affirm the summary judgment.

The issue in this appeal is whether the Tribune agent owed a duty of reasonable care to plaintiff when he parked his delivery truck blocking pedestrian use of a footpath on the defendant Walgreens' parking lot.

Plaintiff testified that he parked his car in the Walgreens' parking lot, proceeded on foot to the handicapped parking stalls at the edge of the lot and then walked on an ice-free path between the handicapped parking stalls to reach a sidewalk adjacent to the store. There was an accumulation of snow and ice on either side of the path.

When plaintiff exited the store to return to his car, he found a Tribune delivery truck parked straddling the ice-free path that he had used earlier.

Plaintiff desired to use the direct route to reach his car in the parking lot and attempted to traverse the small mound of snow and ice on a concrete carstop in order to go around the parked truck. He fell on the snow or ice and fractured his hip in the fall.

Plaintiff filed a negligence action against Walgreens and the Tribune contending that Walgreens, as owner of the parking lot, was liable for allowing an unnatural accumulation of snow or ice to

exist and the Tribune was liable because its driver parked the delivery truck blocking the pedestrian path restricting ingress and egress to the Walgreens store. Plaintiff argues that but for the Tribune's action, plaintiff would have used the ice-free path and would not have fallen on the mound of snow. Walgreens filed a counterclaim for contribution against the Tribune, and the trial court entered summary judgment on the initial complaint and on the complaint for contribution.

In any negligence action, it must first be determined as a matter of law whether defendant owed a duty to plaintiff. Such determination is for the court alone. (*Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 365, 537 N.E.2d 738; *Durbin v. St. Louis Slag Products Co.* (1990), 206 Ill. App. 3d 340, 354, 564 N.E.2d 242.) Only after the trial court determines the existence of a duty does the trier of fact consider the breach of that duty, injury to the plaintiff by the breach of the duty, proximate cause and damages. *Castro v. Chicago Park District* (1988), 178 Ill. App. 3d 348, 533 N.E.2d 504.

Because of this analytical progression, arguments tendered here by appellants that refer to proximate cause and breach of duty are premature and would only follow a determination that a duty was owed by defendant to plaintiff in this case. *Dunn*, 127 Ill. 2d at 364.

*Dunn* clearly sets forth the order and manner in which a court is to consider duty and proximate cause. In reversing the appellate court, the court commented:

> "The appellate court's error is its failure to analyze separately the elements of duty and proximate cause. To be sure, it is sometimes difficult to separate the two concepts [citation] but we perceive no such difficulty here. In fact, the appellate court did not address the duty element at all; instead, the court focused on causation. *** The analysis is flawed because unless a duty is owed, there is no negligence. And the existence of duty is a question of law for the court to determine." *Dunn*, 127 Ill. 2d at 364.

A duty requires a person to conform to a certain standard of conduct for the protection of another against an unreasonable risk of harm. (*Widlowski v. Durkee Foods* (1990), 138 Ill. 2d 369, 562 N.E.2d 967.) The court must resolve, as an issue of law, whether the defendant and plaintiff stood in such a relationship to one another that the defendant was obligated to conform to a certain standard of conduct for the benefit of the plaintiff. *Widlowski*,

138 Ill. 2d at 369; *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223.

■ Factors that a court considers in determining the existence of a duty are (i) the foreseeability of the injury, (ii) the likelihood of injury, (iii) the magnitude of the burden of guarding against the injury, and (iv) the consequences of placing that burden upon the defendant. *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 522, 563 N.E.2d 449; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617; *Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 497 N.E.2d 433; *Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 465 N.E.2d 513; *Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 462 N.E.2d 502.

■ Initially, Illinois courts placed heavy reliance on the test of foreseeability. (See *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 531 N.E.2d 1358; *Cunis v. Brennan* (1974), 56 Ill. 2d 372.) However, foreseeability alone provides an inadequate foundation upon which to base the existence of a legal duty. *Widlowski v. Durkee Foods* (1990), 138 Ill. 2d 369; *Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350; *Rowe v. State Bank* (1988), 125 Ill. 2d 203; *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.

In *Lamkin*, neither landlord nor real estate developer, retailer nor manufacturer was held liable for failure to install screens in the minor plaintiff's apartment that would prevent children from falling out. Certainly, such an occurrence was foreseeable. The court, therefore, relied on the other important factors to be considered in determining the existence of a duty upon which plaintiff's claim might be based. In the case at bar, even if plaintiff met the test of foreseeability, it is doubtful that he would meet the other tests imposed by *Lamkin, Widlowski* and *Rowe.*

Plaintiff and Walgreens argue that there is precedent for finding the Tribune liable for the manner in which the truck was parked (*Dory v. Kovatchis* (1990), 196 Ill. App. 3d 899, 554 N.E.2d 487; *Sutherland v. Guccione* (1955), 8 Ill. App. 2d 201, 131 N.E.2d 130) and that the operator of a motor vehicle on private property has a duty to exercise reasonable care. *Reuter v. Kocan* (1983), 113 Ill. App. 3d 903, 446 N.E.2d 882.

In *Sutherland,* the court found defendant liable when he parked his car across a public crosswalk and plaintiff was injured crossing by an alternate route she had chosen between cars. In *Dory,* the court found defendant breached a duty to provide safe, unobstructed passage over a public sidewalk when his parked van

blocked the sidewalk, thus forcing plaintiff to walk on defendant's sloping, ice-covered driveway where she fell.

Plaintiffs argue these cases support their position because in both, plaintiffs were pedestrians seeking alternate routes around illegally parked vehicles and whose route was diverted resulting in injury. They attempt to favorably compare these cases to the one at bar since the Tribune driver acknowledged there was a path and plaintiff was diverted from its use.

■ The plaintiffs' analysis neglects to consider that in *Sutherland* and *Dory* the defendants had parked their vehicles contrary to the provisions of ordinances enacted to protect pedestrians using the sidewalk or crosswalk. Although the Tribune truck was parked in handicapped parking places in violation of State and local regulations, plaintiff may not rely upon such violation to enhance his cause of action since the application of a statute to one invoking its protection must be determined from a consideration of the ends it was manifestly intended to accomplish. (*Sheehan v. Janesville Auto Transport* (1981), 102 Ill. App. 3d 507, 430 N.E.2d 131.) Creation of handicapped parking zones was certainly not intended to provide informal footpaths between the parking lot and the Walgreen store. A different rule would obtain had plaintiff been handicapped and thus a member of the class of persons for whose benefit the handicapped parking regulations were enacted. *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93; *N.W. v. Amalgamated Trust & Savings Bank* (1990), 196 Ill. App. 3d 1066, 1077, 554 N.E.2d 629.

Having made this observation with respect to statutory construction, we do not rely only on the fact that no ordinance protected the plaintiff or that the injury was on private, rather than public, property. The circumstances in *Sutherland* or *Dory* occurring in a private property setting might still impose liability upon the respective defendants since the establishment of paths or walkways for pedestrian travel on private property establishes the same kind of right to unobstructed use of such areas for pedestrian traffic.

Plaintiffs further argue that evidence establishes there was a pedestrian path and that the existence of such a path imposed a duty upon vehicle operators not to create a hazard by blocking the path.

Again we disagree with the plaintiffs' conclusions. Walgreens provided pedestrians a sidewalk around the handicapped spaces which plaintiff declined to use because he thought it icy and did not

wish to wait for cars to pass before he crossed from the sidewalk to the parking lot and then to his parked car.

The plaintiff sought to use a pathway that appeared to have been wrought by pedestrian traffic through ice and snow. It is not clear from the evidence whether the pathway was shovelled or otherwise cleared by the landowner, Walgreens.

The space between the handicapped parking stalls is not a sidewalk; it is not paved as a sidewalk; there are no diagonal stripe markings to indicate it is a crosswalk; there are no signs, markings, temporary horses or other similar indications that would alert the public that the space between the car stops has been designated as a walkway either permanent or temporary.

We have previously noted that the existence of a duty depends on a consideration of the likelihood of injury, the magnitude of the burden to guard against it and the consequences of placing that kind of burden upon the defendant. *Widlowski*, 138 Ill. 2d at 374-75; *Rowe v. State Bank*, 125 Ill. 2d at 228.

■ Pedestrians most often observe a cardinal geometric principle: the shortest distance between two points is a straight line. Hence, they often take shortcuts from the areas provided for pedestrian travel. Here we are faced with a "shortcut" temporarily established in snow and ice in a parking lot. Consider the consequences of placing upon motor vehicle operators the burden of insuring that their cars are not parked over a path carved out of accumulations of snow and ice. Pedestrians frequently walk between parked cars and carstops when traversing a parking lot so that it would be a burden of great magnitude if, when snow is on the ground, every person parking his car owed a duty to all pedestrians who might have crossed the lot where his car is parked.

Plaintiffs suggest that summary judgment is inappropriate since there are still questions of fact to be determined. However, the questions of fact deal with issues of proximate cause rather than duty. We have determined that the Tribune owed no duty to the plaintiff and affirm the trial court's summary judgment.

Affirmed.

CERDA, P.J., and RIZZI, J., concur.