629 N.E.2d 123 (1993)
256 Ill. App.3d 462
195 Ill.Dec. 815
Nancy BEST, Individually, and as Mother and Next Friend of Jeremy Lewis Best, a Minor, Plaintiff-Appellant,
v.
SERVICES FOR COOPERATIVE AND CONDOMINIUM COMMUNITIES, an Illinois Corporation, Defendant-Appellee.
No. 1-92-0411.
Appellate Court of Illinois, First District, Third Division.
December 29, 1993.
Steck and Spataro, Chicago, for plaintiff-appellant.
Jones, Ware & Grenard, Chicago, for defendant-appellee.
Justice GREIMAN delivered the opinion of the court:
Plaintiff appeals from the entry of summary judgment by the trial court in a case involving injuries to plaintiff's son sustained in a fall through an opened screened window. Plaintiff maintained this action against a management company under contract with the owner of the apartment building to provide services for management, operation, maintenance and repair of the property.
We affirm the order entering summary judgment against plaintiff, finding that the Illinois Supreme Court decision in Lamkin v. Towner (1990), 138 Ill.2d 510, 150 Ill.Dec. 562, 563 N.E.2d 449, is dispositive of the issues of liability raised in this cause. Additionally, we recently followed Lamkin in Henstein v. Buschbach (1993), 248 Ill.App.3d 1010, 188 Ill.Dec. 472, 618 N.E.2d 1042.
The facts in the present case are not different from Lamkin or Henstein in any discernable manner. Plaintiff Nancy Best and her minor son Jeremy Best were tenants of a sixth-floor apartment in a building owned or controlled by the Department of Housing and Urban Development (HUD). HUD had entered into a management agreement with defendant Services for Cooperative and Condominium Communities.
Immediately preceeding his fall, Jeremy climbed upon the ledge to look out the window that his mother had previously opened. A screen was in place and he fell from the window. At the time of the incident, his mother was in another room in the apartment. Defendant was aware that three or four, or perhaps even more, children had previously fallen through windows in the same apartment building.
*124 On appeal, plaintiff complains that the trial court decided the summary judgment motion on an improper basis, i.e., a lack of proximate cause between defendant's actions or activities and plaintiff's son's injury. Plaintiff argues that the causation element should not have been considered because only the duty issue, i.e., whether or not defendant owed a duty to plaintiff's son, was presented by the parties to the trial court. We disagree with plaintiff's understanding of the trial court's actions.
In any negligence action, the primary inquiry is whether, as a matter of law, defendant owed a duty to plaintiff. Such a determination is for the court alone. Dunn v. Baltimore & Ohio R.R. Co. (1989), 127 Ill.2d 350, 365, 130 Ill.Dec. 409, 537 N.E.2d 738; Trucco v. Walgreen Co. (1991), 219 Ill.App.3d 496, 498, 162 Ill.Dec. 204, 579 N.E.2d 1018; Durbin v. St. Louis Slag Products Co. (1990), 206 Ill.App.3d 340, 354, 151 Ill.Dec. 265, 564 N.E.2d 242.
Only after the trial court determines the existence of a duty must a trier of fact consider the breach of that duty, injury to the plaintiff by the breach of the duty, proximate cause and damages. Dunn sets forth the order and manner in which a court is to consider duty and proximate cause and although they are often difficult to separate, such is the obligation of the trial court. Dunn, 127 Ill.2d at 364-65, 130 Ill.Dec. 409, 537 N.E.2d 738.
In the case at bar, the trial court, contrary to plaintiff's assertion, based its decision on the orderly progression dictated by Dunn and by the information contained in the record. The trial court clearly predicated its ruling upon the lack of duty and a breach thereof. In deciding the case, the trial court remarked "So then the question becomes, number one, is there a duty? Lamkin would suggest there is no duty." After concluding that no duty was imposed upon defendant by the set of circumstances proffered by plaintiff, the trial court then discussed the issue of proximate cause.
Even assuming that the trial court entered its summary judgment order for improper reasons, we review the propriety of such order de novo and are not restricted by the reasons set forth by the trial court. (Outboard Marine Corp. v. Liberty Mutual Insurance Co. (1992), 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204.) Notwithstanding our de novo review, we find that the trial court correctly determined that under Lamkin no duty was owed plaintiff's son.
Lamkin specifically observes that in determining the existence of a duty, the factors to be considered are: (1) the foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against injury and (4) the consequences of placing that burden upon the defendant. Lamkin, 138 Ill.2d at 522, 150 Ill.Dec. 562, 563 N.E.2d 449.
Certainly the occurrence which we here consider was foreseeable. Lamkin, however, relied on the other important factors to be considered in determining the existence of a duty upon which plaintiff's claim might be based.
As to the existence of a duty upon which plaintiff's action can be predicated, we decline to analyze again the many pre-Lamkin decisions which determined that no duty existed and that the landlord need not furnish screens for any reason other than to protect the premises from insects.
Plaintiff seeks to distinguish Lamkin by showing that on several occasions other children have fallen from windows in the apartment complex managed by defendant. Lamkin, however, also dealt with multiple incidents.
In summarizing the Illinois appellate opinions, the Lamkin court concluded that "there is no duty on the part of a landlord to maintain in any window of an apartment he leases to tenants a screen sufficiently strong to support the weight of a tenant's minor child leaning against the screen." Lamkin, 138 Ill.2d at 519-20, 150 Ill.Dec. 562, 563 N.E.2d 449.
However, a narrow exception to that rule might apply where the landlord expressly assumes such a duty and contracts to provide restraints on windows sufficient to protect a child from falling. Nothing in the contract engaging defendant to manage the apartment *125 complex would suggest that the facts of this case fall within such an exception. If anything, Henstein, where there was an allegation that plaintiff promised to rent the apartment for another year in exchange for defendant's promise to install properly made screens with existing triple track aluminum frame windows, comes closer to falling within the exception to Lamkin.
Accordingly, we affirm the summary judgment entered in favor of the defendant.
Affirmed.
TULLY, P.J., specially concurs.
CERDA, J., concurs.
Presiding Justice TULLY, specially concurring:
This court is clearly limited in its consideration of the issue presented in this case by the decision of our supreme court in Lamkin v. Towner (1990), 138 Ill.2d 510, 150 Ill.Dec. 562, 563 N.E.2d 449. I write separately only to express my concerns over what I believe to be the unfortunate cut-off of claims by children injured as a result of falling out of unsecured apartment windows.
It is an unfortunate fact of life that almost on a daily basis it is possible to read about a child falling to his or her death from falling out of an apartment window. Children are our most precious resource and we as a society are not doing enough to protect them. Thus, I would find a duty owed by landlords to child-tenants to install screens or some other device or mechanism capable of protecting a child from the danger of falling.
There are those who would argue that the imposition of such a duty is too onerous a burden to place on landlords and that it should be parents, rather than landlords, who should be the guarantors of their children's safety. While I agree that a child's security is a fundamental obligation of parenthood, it is an sad truth that many parents in today's society are ill-equipped to face the demands of parenting. Moreover, as anyone who has raised a rambunctious toddler can attest, even the best of parents cannot be all places at all times. The fact remains that children are being crippled, maimed, and dying.
I would add that in the past there were those who argued that strict product liability and workers' compensation would cripple American industry. While these theories of recovery have surely added to the cost of doing business, they have in no way hamstrung the business community.
Thus, I would encourage our supreme court to review this issue. Failing that, I would, as a private citizen, note that this problem could be addressed legislatively at either the State or local level. For example, New York City has in its municipal health code required landlords of multiple dwellings to install window guards in apartments where children 10 years old or younger reside. See New York City Health Code § 131.15 (regulation).