Frank Gasquoine, a Minor, by Rose Gasquoine, His Mother and Next Friend, Appellant, v. Max H. Bornstein, and Esther Bornstein, Appellees.

Gen. No. 46,775.

First District, Second Division.

May 29, 1956.

Released for publication June 19, 1956.

Louis G. Davidson, and Louis P. Miller, both of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, for appellees; Oswell G. Treadway, of Chicago, of counsel.

JUDGE ROBSON delivered the opinion of the court.
This is an appeal by the plaintiff from an order of the trial court dismissing an amended complaint for failure to state a cause of action. The decision was reached solely on the pleadings. The issue before the court was whether a landlord can be held liable to the infant child of a tenant for injuries sustained when the child falls through a defective window screen.

The facts as alleged by the pleadings are simple. Plaintiff at the time of the occurrence was seventeen months old and lived with his parents in a third-floor apartment leased to them by the defendants. He charges that the defendants negligently furnished and maintained an inadequate, insecure and defective screen for the bedroom window which was likely to fall out when slight pressure was exerted. He further charges that the inadequate, insecure and defective screen constituted a common nuisance. He further charges that when he was leaning against the screen it gave way and he fell to the sidewalk below breaking both arms and sustaining other injuries.

The trial court based its order dismissing the complaint on the cases of Crawford v. Orner & Shayne, Inc., 331 Ill. App. 568, and Rogers v. Sins, 349 Ill. App. 353. In the Crawford case decided by this court, we quoted and relied upon the following language from Egan v. Krueger, 103 N. J. L. 474, where it is said at page 574:

"A screen in a window, obviously, and of common knowledge, is not placed there for the purpose of keeping persons from falling out of a window, any more

than the glass in the window itself is placed there for that purpose. Consequently, it is manifest that this accident was not the result of the failure of the defendant to perform any duty which he owed to the child for her protection."

The Rogers case decided by the Fourth District, quoted and followed the Crawford case. In neither of these cases was petition for leave to appeal filed in the Supreme Court. The same rule is followed by Massachusetts, Chelefou v. Springfield Institution for Savings, 297 Mass. 236; Louisiana, Yates v. Tessier, 5 La. App. 214; California, Schlemmer v. Stokes, 47 Cal.App.2d 164, and Nebraska, Markussen v. Mengedoht, 132 Neb. 472.

Plaintiff contends that there are two divergent schools of thought among the courts of last resort in the United States on the point in question; that the decisions of the courts in Missouri, Virginia and the United States Court of Appeals for the Fifth Circuit have reached a conclusion opposite to that of our Appellate Courts; that these decisions are better reasoned and should be the rule in Illinois. The principal case on which plaintiff relies is Shaw v. Butterworth, 327 Mo. 622, in which plaintiff fell through a defective third floor screen. Defendant's janitor had agreed to install screens and had installed a defective screen through which plaintiff fell. In the opinion the court discussed Egan v. Krueger, supra, and said at page 630:

"Moreover, while a primary purpose of a window is to admit light and air, and to prevent the entry of objectionable elements, and that of screens to keep out insects while letting in light and air, yet it is common knowledge that a secondary purpose is allocated to windows and screens and that purpose involves ordinary protection against persons falling from the window. [Miller v. Peck Dry Goods Co., 104 Mo. App. 609, 78 S. W. 682.] It is also common knowledge that a screen,

constructed and placed in a window casing in the manner ordinarily done, is sufficiently secure to withstand the pressure of a person leaning against it. It was a jury question as to whether the screen as originally constructed was intended to withstand ordinary pressure."

Plaintiff states that the courts of this state should take into consideration the secondary purpose as stated in the Shaw case, and that, therefore, it should be a question of fact for the jury. There was an additional factor involved in the Shaw case which plaintiff failed to state. The landlord agreed as a part of the rental arrangements to install a screen sufficient to serve as a bar to the window and prevent children from falling out. The court, while it made the statement as quoted, did not hold that in the absence of such an agreement there was a duty on the landlord to install a screen or that he would be liable to an injured child if he failed so to do.

Plaintiff also cites Baker v. Dallas Hotel Co., 73 F.2d 825, decided by the United States Fifth Circuit Court of Appeals, in further support of his contention. In that case plaintiff's decedent, an infant, with his parents occupied a room as a guest in a hotel operated by the defendant. Plaintiff left her child playing in the room and went to the bathroom. The child climbed into the window, leaned against the screen, which gave way, and fell to his death. There were heavy iron grills outside some of the windows of the hotel but none on this window. The trial court directed a verdict holding that there was no actionable negligence on the part of the defendant. On appeal the judgment of the trial court was reversed. The case of Shaw v. Butterworth, supra, was cited and the reasoning of the part we quoted followed. An innkeeper, however, was involved and he owes the highest degree of care to his guests for their safety. A landlord, as in the instant case, does not owe this to his tenants. Plaintiff also cites Cross-

426

white v. Shelby Operating Corp., 182 Va. 713, another innkeeper case which cites with approval the Baker decision. The court, however, said at p. 715:

"The rule which applies to landlords does not always apply to innkeepers. An innkeeper is in direct and continued control of his guest rooms, while a lessee may be expected to do many things for his own protection."

We have carefully considered the reasoning in the cases cited by plaintiff in support of his argument and can find no real justification for reaching a conclusion contrary to the cases of Crawford v. Orner & Shayne, Inc., supra, and Rogers v. Sins, supra.

■ Plaintiff also contends that the failure to provide an adequate screen was in violation of section 96–16 of the Chicago Municipal Code, which provides that it shall be the duty of every person owning or controlling any residence to equip windows with "suitable and adequate" screens and appliances so attached or arranged as to prevent the ingress of flies to the interior of such residence. Plaintiff argues that this places a responsibility on the landlord to install a screen that will not fall out. We do not believe that the ordinance is susceptible of such an interpretation. The only requirement is that the screens be suitable and adequate to prevent the ingress of flies and not for any other purpose. Courts cannot restrict or enlarge the meaning of an unambiguous statute. People v. Fisher, 373 Ill. 228; Smith v. Board of Education of Oswego Community High School Dist., 405 Ill. 143. To allow the interpretation contended for by plaintiff would be to enlarge the meaning of the ordinance beyond its obvious intent.

■ Plaintiff further contends that the demised premises constituted a nuisance. There are no facts alleged in the complaint to substantiate this contention. It is merely an unsupported conclusion. A motion to dismiss does not admit conclusions of law or of fact

427

unsupported by allegations of specific facts upon which the conclusions must rest.

The order of the trial court dismissing the complaint is affirmed.

Order affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.