[Civ. No. 24414.   Second Dist., Div. Three.   Nov. 4, 1960.]

J. HENRY ROTTER, Appellant, v. STATIONERS COR-PORATION (a Corporation), Respondent.

Everett H. Smith for Appellant.

O'Melveny & Myers, William W. Alsup and Richard E. Sherwood for Respondent.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment in an action for alleged unpaid compensation.

On May 1, 1957, the parties entered into an agreement whereby defendant agreed to employ plaintiff as engraving department superintendent for one year at a salary of $700 a month commencing August 1, 1957. Plaintiff began work on August 1, 1957. About September 20, 1957, plaintiff was informed by an executive of defendant that as a part of administrative alignment a Mr. Accetta had been appointed superintendent of a newly combined diploma and engraving department and that plaintiff was to report to Accetta thereafter.

On September 30, 1957, plaintiff, without stating any cause or reason, notified defendant that he would stop working on October 15. On October 10 he ceased performing his work and left defendant's employ. He made no effort to obtain alternate employment until May 1958, when he went to work in Michigan at a salary of $110 a week.

The action is for the balance alleged to be due for the remainder of the term of the agreement less the amount plaintiff earned in Michigan.

The court found that on or after October 10, 1957, plaintiff failed and refused to perform his duties under the employment agreement and voluntarily left the employment of defendant; by such conduct plaintiff then and there abandoned the agreement and has ever since abandoned the same; at no time during the term of the agreement did defendant breach or refuse to perform the same; at all times during

the term of the agreement defendant stood ready and willing to permit plaintiff to continue in the performance of the agreement in the capacity of superintendent or foreman of its engraving department.

Plaintiff's ground for reversal appears to be that the findings are unsupported. He contends he was replaced as superintendent of the engraving department, that he was demoted to working foreman or pressman for which he was not employed, that he was discharged as superintendent without cause and required to accept employment of another and different kind which he was not required to do. Consequently defendant breached the agreement and he was justified in leaving the employment. The appeal is based entirely on the premise plaintiff was wrongfully discharged. ■ If he was wrongfully discharged, he was not required to accept a new employment from the same employer unless (1) the work was in the same general line of the first employment, and (2) the offer was made in such manner that his acceptance would not amount to a modification of the original agreement. (*Billetter* v. *Posell*, 94 Cal.App.2d 858, 861-862 [211 P.2d 621].)

■ The mere fact that the diploma and engraving departments were combined and Accetta was made superintendent of the combined departments was not a discharge of plaintiff. He remained superintendent and foreman of the engraving department under Accetta at the salary agreed on. As the court found, defendant at no time discharged plaintiff and remained ready and willing to continue him in its employment to perform as superintendent of the engraving department. ■ Merely placing someone in the corporate structure between the superintendent of the engraving department and the plant manager does not necessarily constitute a breach of contract justifying termination of the employment or giving a right to damages. There was evidence that plaintiff's responsibilities were to be substantially unchanged, that his salary was not affected, and that his physical labor was to remain as it had been—showing other workers how to do technical jobs. Defendant's printing plant manager testified that at the time Accetta was made superintendent of the combined diploma and engraving department he told plaintiff "his job was to be exactly the same thereafter as it had been before . . . except that he was to report to Mr. Accetta and was to resolve problems at the level—with Mr. Accetta as far as possible," and nothing was said about plaintiff's "actually doing any work on the presses."

The findings are amply supported by the evidence. The case is merely one of evaluation of evidence, with which we have no concern.

Affirmed.

Shinn, P. J., and Ford, J., concurred.