RANDELL LASTER, a Minor, by Ora Warnsby, his Mother and Next Friend, Plaintiff-Appellant, *v.* CHICAGO HOUSING AUTHORITY, Defendant-Appellee.

First District (1st Division)    No. 80-2858

Opinion filed February 22, 1982.

William J. Harte, Ltd., of Chicago, for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Thomas H. Neuckranz, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Randell Laster, a seven-year-old minor, lived with his family in an apartment leased from defendant, Chicago Housing Authority. He was injured on June 26, 1969, when he fell from a window when a window screen gave way. His suit against defendant for damages was dismissed and judgment entered for defendant. Plaintiff appeals.

His amended complaint alleged: the lease was renewed each year prior to June 26, 1969; on many occasions prior to the renewal in March of 1969, plaintiff's mother, Ora Warnsby, had complained of the dangerous condition of the screens in the apartment, particularly to the danger to her children. Specifically, she was promised by representatives of defendant that the screens would be repaired or otherwise made safe against the possibility of her children falling out of the windows. This promise was made in consideration of the renewal of said dwelling lease. On and prior to June 26, 1969, defendant was guilty of negligence in one or more of the following respects: (a) in failing to repair or otherwise correct the danger

from the defective screen in the window through which plaintiff fell; (b) in permitting the screen to remain loose, insecure and defective, so that the screen was likely to fall out when slight pressure was exerted upon it; and (c) in furnishing and maintaining the said screen with flanges, grooves and hinges which were inadequate, insecure and defective, so that the screen was likely to fall out when slight pressure was exerted upon it. As a proximate result of one or more of these negligent acts or omissions, plaintiff sustained severe and permanent injuries. It further alleged that at the time of the occurrence defendant was insured.

Defendant's motion to dismiss alleged, among other matters, that in paragraph 6 of the written lease the tenants covenanted to keep their apartment in a good state of repair and the landlord did not covenant in the lease to repair the screens or otherwise keep the apartment in a good state of repair; therefore, defendant had no duty to repair said window screens or otherwise make them "safe against the possibility of children falling out of the windows" and cited in support *Crawford v. Orner & Shayne, Inc.* (1947), 331 Ill. App. 568, 73 N.E.2d 615; *Rogers v. Sins* (1953), 349 Ill. App. 353, 110 N.E.2d 643; *Gasquoine v. Bornstein* (1956), 10 Ill. App. 2d 423, 135 N.E.2d 121, *appeal denied* (1956), 9 Ill. 2d 627, and *Scheffler v. Ringhofer* (1966), 67 Ill. App. 2d 222, 214 N.E.2d 575.

■■ The trial court dismissed on the ground that plaintiff's amended complaint failed to allege any common law duty owed by defendant to plaintiff.

We agree with the trial court. The law is well settled. In addition to the above-cited cases, see also *McNairy v. Kup Realty Co.* (1965), 59 Ill. App. 2d 463, 208 N.E.2d 88; *Madison v. Reuben* (1970), 128 Ill. App. 2d 11, 262 N.E.2d 794, *appeal denied* (1970), 44 Ill. 2d 587; and *Jones v. Chicago Housing Authority* (1978), 59 Ill. App. 3d 138, 376 N.E.2d 26.

In opposition, plaintiff cites cases from other jurisdictions: *Shaw v. Butterworth* (1931), 327 Mo. 622, 38 S.W.2d 57; *Baker v. Dallas Hotel Co.* (5th Cir. 1934), 73 F.2d 825; *Crosswhite v. Shelby Operating Corp.* (1944), 182 Va. 713, 30 S.E.2d 673. These cases predate *Crawford, Rogers* and *Gasquoine*. In fact, *Gasquoine* rejected their reasoning, distinguished their holdings and cited cases from New Jersey, Massachusetts, Louisiana, California and Nebraska holding as does Illinois. (10 Ill. App. 2d 423, 424-25.) We see no reason to depart from the settled Illinois law.

Plaintiff further argues that despite the settled law his complaint should not have been dismissed for the further reason that it alleged facts sufficient to establish a binding covenant on defendant's part to repair the screens in the apartment. We disagree.

As plaintiff concedes, a landlord generally has no liability regarding the leased portion of the premises except where a covenant to repair exists. *Lulay v. South Side Trust & Savings Bank* (1972), 4 Ill. App. 3d 483, 280 N.E.2d 802.

As stated above, the amended complaint alleged that the lease was renewed each year and that prior to the renewal in March 1969 plaintiff's mother had on many occasions complained of the dangerous condition of the screens, particularly to the danger to her children, and that she was promised by representatives of defendant that the screens would be repaired or otherwise made safe against the possibility of her children falling out of the window, and that this promise was made in consideration of the renewal of the lease.

■■ The lease was attached to the amended complaint. Its provisions, where they conflict with the allegations, negate such allegations. *Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744, 371 N.E.2d 173.

The lease provides for an initial term to the end of the month during which the lease began (March 1966) and thereafter for a continuous automatically renewing term measured by successive calendar months. The tenancy continues unless and until either party gives the other proper written notice of termination. This is clearly inconsistent with the allegations of the complaint that the "lease was renewed each year prior to June 26, 1969" and that there had been a "renewal in March of 1969." Because there was no annual renewal, the lease continued in effect unless and until terminated. Obviously there could not have been any "consideration" for the renewal of the lease. *Wagner v. Kepler* (1951), 411 Ill. 368, 104 N.E.2d 231.

■■ A promise on the part of the landlord with respect to the premises which is made once the tenancy begins is a *nudum pactum* and is unenforceable unless there is a separate consideration therefor. (*Margolen v. deHaan* (1922), 226 Ill. App. 110; *Strong v. Soodvoisky* (1908), 141 Ill. App. 183; *Crawford v. Orner & Shayne, Inc.* (1947), 331 Ill. App. 568, 73 N.E.2d 615.) In those cases, the promise was merely a promise to repair. The present case is an *a fortiori* situation where plaintiff seeks to impose an undertaking more onerous than that imposed by the common law, *i.e.*, making the screens safe against the possibility of children falling out of the window.

There is no separate consideration alleged other than the pleader's conclusion—inconsistent with the lease agreement and therefore not to be accorded any value (*Ford*)—that the "promise was made in consideration of the renewal of said dwelling lease." Because such is clearly not consideration, the complaint fails to set forth any enforceable duty on the part of the landlord other than the duties imposed by common law, which do not encompass providing (or maintaining or repairing) window screens which save children from falling through open window spaces.

Because of the conclusion we have reached, we find it unnecessary to consider defendant's argument in support of the trial court's dismissal that it is protected under section 2—106 of the Local Governmental and Gov-

ernmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 2—106), from liability based on the claimed promise by its representative to repair or otherwise make the screens safe.

■■ Plaintiff's contention that the fact that defendant had insurance constitutes a waiver of immunity is without merit. First, under the provisions of the lease plaintiff's parents undertook the obligation of keeping the premises "in good state of repair and maintenance." Second, although the lease reserves to defendant (as landlord) the right to enter the apartment and to make such repairs as it may deem necessary, that, without more, does not impose on the landlord a duty to repair. (*Bielarczyk v. Happy Press Lounge, Inc.* (1980), 91 Ill. App. 3d 577, 414 N.E.2d 1161.) This is not a case where a landlord undertook to make repairs but did it negligently.

The trial court correctly dismissed the amended complaint.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.