SANDRA HENSTEIN, as Special Adm'r of the Estate of Joshua Henstein, a Minor, Deceased, Plaintiff-Appellant, v. JAMES BUSCHBACH, Defendant-Appellee.—BEN O. HENSTEIN, Indiv. and as Independent Adm'r of the Estate of Joshua A. Henstein, a Minor, Deceased, *et al.*, Plaintiffs-Appellants, v. FIRST NATIONAL BANK OF EVERGREEN PARK, as Trustee, *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 1—91—2495, 1—92—0647 cons.

Opinion filed June 30, 1993.—Rehearing denied August 31, 1993.

TULLY, P.J., concurring in part and dissenting in part.

Donald J. Nolan, of Chicago (Joseph T. McGuire and Joan R. Stohl, of counsel), for appellants.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Mary A. Sliwinski, Lloyd E. Williams, Jr., and Thomas H. Neuckranz, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

This consolidated appeal stems from an incident where a two-year-old minor, Joshua Henstein, sustained fatal injuries from a fall out of a third-floor apartment window. The circuit court dismissed the complaints filed in separate actions and these dismissal orders are now challenged on appeal.

We affirm the orders dismissing both complaints, finding that the Illinois Supreme Court decision in *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449, is dispositive of the issues of landlord liability raised in these cases.

Plaintiff, Sandra Henstein, and her minor son, Joshua Henstein, were tenants of a third-floor apartment in a building owned or controlled by defendant, James Buschbach. On October 29, 1989, Joshua Henstein fell through a window which contained a mismatched screen insert and died from the injuries sustained in the fall.

On June 25, 1990, Sandra Henstein filed a complaint against Buschbach, alleging common law negligence based on Buschbach's promise to install "suitable aluminum screens" in the window frames and the negligent installation of a screen insert that was not adequately fastened to the frame. The complaint consists of a count each for wrongful death, a survival action for negligence, and for family expenses incurred from ambulance, funeral and burial obligations.

On August 20, 1990, Buschbach filed a section 2—615 motion to dismiss for failure to state a cause of action (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) and asserted that under Illinois law, landlords have no common law duty to furnish childproof window screens.

On October 4, 1990, the supreme court issued its opinion in *Lamkin*, which held that a landlord has no common law duty to provide window screens sufficient to support the weight of a child who leans against them. *Lamkin*, 138 Ill. 2d at 518-22.

On June 28, 1991, the circuit court granted Buschbach's motion and dismissed the complaint with prejudice. Sandra Henstein then filed a motion to vacate the dismissal order and for leave to amend her complaint. In her proposed amended complaint, Sandra Henstein alleged:

> "4. That prior to said date [October 29, 1989], Plaintiff entered into an agreement with Defendant, whereby Plaintiff promised to rent the apartment for another year in exchange for Defendant's promise to install screens properly mated with the existing triple track aluminum frame window system so that her children would be afforded whatever protection from falling out of the window such properly mated and fastened screens would provide them."

On July 18, 1991, the circuit court denied Sandra Henstein's motion to vacate the dismissal order and for leave to amend her complaint and she filed a timely notice of appeal of these two orders on July 26, 1991.

While the appeal was pending, a second lawsuit was filed on October 29, 1991, by the parents of Joshua Henstein, *i.e.*, plaintiffs Ben O. Henstein, individually and as independent administrator of the estate of Joshua Henstein, and Sandra Henstein, against defendant First National Bank of Evergreen Park (Bank), as a land trustee and legal owner of the apartment building; defendants James and Joan Buschbach as the primary beneficiaries of the land trust and the beneficial owners of the apartment building; and defendants Juan Lopez and Keith Fox as the duly authorized agents of the other named

defendants. Keith Fox was never served and is not a party to this appeal.

The second complaint was based on the same event as the first lawsuit: the fatal injuries sustained by Joshua Henstein by reason of defendant's negligence in the alleged negligent installation of a window screen. The second complaint consists of six counts: count I for voluntary assumption of duty; count II for covenant to repair; count III for unreasonably dangerous condition; and the remaining three counts for burial and medical expenses pursuant to the family expense statute.

The Bank filed a motion to dismiss under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)) asserting that it was merely a trustee of a land trust and had no right to control the property in question in any manner.

Defendants James Buschbach, Joan Buschbach, and Juan Lopez filed a motion to dismiss under section 2—619(a)(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4)) asserting that the causes of action pled in the second lawsuit were barred by a prior judgment, *i.e.*, the order entered on June 28, 1991, which dismissed with prejudice the complaint filed by Sandra Henstein in the first lawsuit for failure to state a cause of action.

On January 10, 1992, in granting the two motions to dismiss at a hearing, the circuit court reasoned that the issue considered in the first case was the same issue raised in the second case and the dismissal affects causes of action asserted or ones that might have been asserted.

Ben and Sandra Henstein then filed an appeal of the two orders entered on January 10, 1992, granting the Bank's motion to dismiss and granting the remaining defendants' motion to dismiss.

The appeals taken from the dismissal of the first and second lawsuits were consolidated by this court.

The parties agree that the *Lamkin* decision controls the issue presented in the first lawsuit except that plaintiffs argue that the stated exception set forth in *Lamkin* applies here.

In *Lamkin*, two minors suffered injuries from falling out of two different apartment windows located on the second floor of the defendant's apartment building. Negligence actions were brought on behalf of the two injured minors. The trial court denied the defendants' motions for summary judgment, and interlocutory appeals were granted in each case pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The appellate court affirmed the trial court's denial of the motions for summary judgment as well as a motion to dismiss.

(*Lamkin v. Towner* (1989), 190 Ill. App. 3d 631, 546 N.E.2d 1020.) The supreme court reversed the judgments of the appellate and circuit courts. *Lamkin,* 138 Ill. 2d 510, 563 N.E.2d 449.

In *Lamkin,* the supreme court expressly addressed the following certified question:

> "Whether, as a matter of law, *** a landlord is under any common-law duty to install and maintain screens in the windows of the apartments he rents to his tenants, sufficiently strong to support the weight of a tenant's child leaning against such window screen and prevent the child from falling out that window ***." *Lamkin,* 138 Ill. 2d at 516-17.

The *Lamkin* court examined the principles of landlord-tenant law and concluded "that the landlord relinquished all control of the leased premises in executing the leases for [the plaintiffs'] tenancies and, with it, any potential common law liability for [the plaintiffs'] injuries." *Lamkin,* 138 Ill. 2d at 519.

■■ The *Lamkin* court further recognized that its decision conformed "with a series of Illinois appellate opinions holding that, as a matter of law, there is no duty on the part of a landlord to maintain in any window of an apartment he leases to tenants a screen sufficiently strong to support the weight of a tenant's minor child leaning against the screen." (*Lamkin,* 138 Ill. 2d at 519-20 (and cases cited therein).) Moreover, the majority of authority in other jurisdictions has similarly found no such duty to exist. *Lamkin,* 138 Ill. 2d at 520-21.

The narrow exception to this general rule applies where the landlord expressly assumes such a duty and contracts to provide restraints on windows sufficient to protect a child from falling. (*Lamkin,* 138 Ill. 2d at 519, 522.) In accordance with this exception, the Missouri Supreme Court did conclude that a landlord was liable for injuries sustained by a child after falling through a window screen where the landlord had expressly entered into an independent covenant to provide screens "to protect her little ones against falling out." (*Shaw v. Butterworth* (1931), 327 Mo. 622, 630, 38 S.W.2d 57, 61.) Since no such duty had been undertaken in *Lamkin,* no liability could be imposed. *Lamkin,* 138 Ill. 2d at 521-22.

Plaintiffs' reliance on *Shaw* is misplaced since the undertaking of the landlord there, similar to the undertaking alleged in paragraph 4 of the tendered amended complaint or, for that matter, counts I and II of the second action, does not rise to an exception to the *Lamkin* doctrine.

Appellate decisions approved in *Lamkin* make it clear that window screens are not expected to afford children any protection from falling and do not serve as a restraint in that regard. *Lamkin* concludes that the landlord has no duty to repair allegedly defective window screens or otherwise make them "safe against the possibility of *** children falling out of the window" (*Laster v. Chicago Housing Authority* (1982), 104 Ill. App. 3d 540, 543, 432 N.E.2d 1185); that the landlord will not be liable even if the screen was insecure, defective and likely to fall out when slight pressure was exerted (*Gasquoine v. Bornstein* (1956), 10 Ill. App. 2d 423, 135 N.E.2d 121); and that the landlord has no duty to maintain a screen sufficient to support the weight of a minor even if the minor's parents notified the landlords and their agent that the screen was loose, defective and dangerous and did not fit the window properly (*Crawford v. Orner & Shayne, Inc.* (1947), 331 Ill. App. 568, 73 N.E.2d 615).

Had the alleged agreement been to provide bars or other restraints fit for the purpose intended to restrain children, we would have viewed this in a different light.

■ Assuming as we must for the purpose of a section 2—615 motion that the parties had entered into an agreement relating to screens upon which their lease was conditioned, even under plaintiffs' theory of the case, that agreement would not impose liability upon the landlord since there is no allegation that the defendant undertook to provide the apartment with childproof screens or sufficient safeguards against the child falling from a window and nothing in the alleged agreement would contemplate the introduction of such a restraining device.

The trial court based its dismissal of the second complaint on the doctrine of *res judicata*, finding that the same parties, same issues, and same case were involved in the first lawsuit. We agree.

The doctrine of *res judicata* precludes the filing of a second action that arises out of the same controversy as the first action. (*Downen v. Country Mutual Insurance Co.* (1989), 181 Ill. App. 3d 716, 719, 537 N.E.2d 445.) Under this preclusion doctrine, a final judgment on the merits by a court of competent jurisdiction is conclusive on the rights of the parties and their privies and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Knodle v. Jeffrey* (1989), 189 Ill. App. 3d 877, 885, 545 N.E.2d 1017.) The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also prevents the unjust burden that would result if a party could be forced to relitigate what is essen-

tially the same case. *Knodle*, 189 Ill. App. 3d at 885; see also *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 578 N.E.2d 1; *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 454 N.E.2d 684.

Accordingly, under the facts of the present case, we affirm the trial courts' orders dismissing the complaints filed in both lawsuits.

Judgments affirmed.

CERDA, J., concurs.

PRESIDING JUSTICE TULLY, concurring in part and dissenting in part:

I concur with the majority regarding the issue of the trial court's application of the doctrine of *res judicata* to plaintiff's second lawsuit. However, I must respectfully dissent from the majority's conclusions with respect to the propriety of the trial court's denial of plaintiff's motion to vacate the dismissal order and for leave to amend her complaint.

As the majority correctly notes, the appellate court's decisions (and I would add common sense) make it clear that ordinary window screens cannot reasonably be expected to protect children from the danger of falling out of a window. Where the majority and I part company is in what I believe is its narrow reading of the sufficiency of plaintiff's proposed amended complaint. The majority looks to the language in paragraph 4 of the tendered amended complaint and concludes that, as it does not specifically allege that defendant promised to install a childproof screen, it fails to state a cause of action under the voluntary assumption of duty exception in *Lamkin*. I believe such a reading to be too rigid.

Section 2—603(c) of the Code of Civil Procedure places an obligation upon Illinois courts to "liberally construe[ ] [pleadings] with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1989, ch. 110, par. 2—603(c).) I believe it to be a fair inference when reading paragraph 4 to find that its allegation that defendant failed to "install screens properly mated with the existing triple track aluminum frame window system so that [plaintiff's] children would be afforded *** protection from falling out of the window" implies the use of a screen capable of providing the needed protection. Screens made of stainless steel and other materials are readily available for this purpose. Thus, I believe the proposed amended complaint properly stated a cause of action under the *Lamkin* exception.

Recently, the Illinois Supreme Court in *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 586 N.E.2d 1211, clarified what criteria a reviewing court must employ in determining whether a trial court has committed an abuse of its broad discretion in denying a litigant leave to amend pleadings. In that opinion, our supreme court adopted the four factors established by the appellate court in *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, and summarized them as follows:

> "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities could be identified." (*Loyola Academy*, 146 Ill. 2d at 273.)

I believe that an application of *Loyola Academy-Kupianen's* four factors leads to the conclusion that the trial court erred in this regard.

As the proffered amended complaint properly states a cause of action, it follows that the first factor of the *Loyola Academy-Kupianen* test has been met. Furthermore, I cannot perceive any prejudice or surprise that defendant would suffer as a result of allowing plaintiff to proceed on the proposed amended complaint. Nor do I believe at this early pretrial stage of the litigation that timeliness is a concern in this case or that there was a more opportune time for amendment given the timing of the *Lamkin* opinion in relation to the trial proceedings. Therefore, the trial court abused its discretion in refusing to allow plaintiff leave to amend her complaint. *Loyola Academy*, 146 Ill. 2d 263, 586 N.E.2d 1211; *Kupianen*, 107 Ill. App. 3d 373, 437 N.E.2d 774.

Consequently, I would reverse the circuit court of Cook County's order denying plaintiff's motion to vacate the dismissal order and for leave to amend her complaint and remand this cause for further proceedings consistent with this view.