NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 180243-U

NO. 4-18-0243

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 3, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DEDRIC T. MOORE, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| THE STATE OF ILLINOIS, J.B. PRITZKER, | ) | No. 17MR27 |
| KWAME RAOUL, THE ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, JOHN R. BALDWIN, and | ) | Honorable |
| CIRCUIT COURT OF CHAMPAIGN, | ) | Esteban F. Sanchez, |
|     Defendants-Appellees. | ) | Judge Presiding. |

        PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Steigmann and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court properly granted
           defendants' motion to dismiss where plaintiff's claims were barred by
           *res judicata*.

¶ 2        In January 2017, plaintiff, Dedric T. Moore, filed a *pro se* complaint for

declaratory and injunctive relief challenging the constitutionality of his resentencing hearing and

resentence in Champaign County case No. 98-CF-1558, naming as defendants the State of

Illinois, Kwame Raoul, the Illinois Department of Corrections, John R. Baldwin, the Circuit

Court of Champaign County, and Bruce Rauner, then-governor of Illinois. (Because Rauner has

been replaced in his official capacity by J.B. Pritzker, Pritzker has been substituted as defendant

on appeal by operation of law (see 735 ILCS 5/2-1008(d) (West 2016))).

¶ 3        In July 2017, defendants moved to dismiss pursuant to section 2-619.1 of the

Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)), where (1) plaintiff's

complaint failed to state a cause of action against any defendant, (2) plaintiff's claims were barred by *res judicata* and collateral estoppel, (3) plaintiff's claims against the circuit court of Champaign County were barred because it is not an entity capable of being sued, and (4) plaintiff's claims were barred by *laches*. In March 2018, the trial court granted defendants' motion to dismiss.

¶ 4        Plaintiff appeals, arguing the trial court erred by granting defendants' motion to dismiss where (1) his complaint stated a cause of action against defendants, (2) his claims were not barred by *res judicata* or collateral estoppel, (3) the circuit court of Champaign County is an entity capable of being sued, and (4) his claims were not barred by *laches*. For the following reasons, we affirm.

¶ 5                              I. BACKGROUND

¶ 6        In March 1999, a jury convicted plaintiff of (1) attempt (first degree murder) (720 ILCS 5/8-4(a) (West 1998)), (2) home invasion (720 ILCS 5/12-11(a)(2) (West 1998)), (3) residential burglary (720 ILCS 5/19-3 (West 1998)), (4) aggravated criminal sexual abuse (720 ILCS 5/12-16(a)(1) (West 1998)), and (5) aggravated arson (720 ILCS 5/20-1.1(a)(1) (West 1998)). (Champaign County case No. 98-CF-1558). In May 1999, the trial court sentenced plaintiff to a total of 75 years' imprisonment: a 60-year extended term for attempt (first degree murder), concurrent to a 60-year extended term for home invasion, concurrent to a 30-year sentence for aggravated arson, concurrent to a 7-year sentence for aggravated sexual abuse, and consecutive to a 15-year sentence for residential burglary. (Champaign County case No. 98-CF-1558).

¶ 7                          A. Plaintiff's Direct Appeal

¶ 8        Plaintiff appealed his conviction and sentence, arguing, in part, the trial court

erred by imposing consecutive and extended-term sentences in violation of the United States

Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (The Court held that

any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory

maximum must be submitted to a jury and proven beyond a reasonable doubt.).  Specifically,

plaintiff claimed that applying the consecutive and extended-term sentencing provisions of 730

ILCS 5/5-8-4 (West 1998) and 730 ILCS 5/5-5-3.2(b)(2) (West 1998) to him violated his

constitutional right to due process and violated his right to a jury trial by subjecting him to

increased punishment without notice or a jury finding based upon proof beyond a reasonable

doubt of the facts necessary for imposing the increased terms of imprisonment.

¶ 9        In January 2002, this court affirmed the trial court's judgment.  *People v. Moore*,

No. 4-99-0499 (January 11, 2002) (unpublished order under Illinois Supreme Court Rule 23).  In

its decision, this court noted that the Illinois Supreme Court in *People v. Wagener*, 196 Ill. 2d

269, 286, 752 N.E.2d 430, 441 (2001), found that consecutive sentencing does not violate

*Apprendi*.  Thereafter, plaintiff filed a petition for leave to appeal.  In February 2003, the Illinois

Supreme Court denied the petition but ordered this court to vacate the judgment and to

reconsider in light of *People v. Swift*, 202 Ill. 2d 378, 392, 781 N.E.2d 292, 300 (2002).  *People*

*v. Moore*, 202 Ill. 2d 688, 783 N.E.2d 32 (2003) (supervisory order).

¶ 10        Upon reconsideration, in April 2003, this court vacated plaintiff's extended-term

sentence as violating *Apprendi* and remanded for retrial or resentencing at the election of the

State pursuant to section 5-5-3(d) of the Unified Code of Corrections (Unified Code) (730 ILCS

5/5-5-3(d) (West 2002)).  *People v. Moore*, No. 4-99-0499 (April 4, 2003) (unpublished order

under Illinois Supreme Court Rule 23).  The State sought resentencing.  In July 2003, the trial

- 3 -

court resentenced plaintiff to a total of 75 years' imprisonment: 30 years for home invasion, consecutive to 30 years for aggravated arson, consecutive to 15 years for residential burglary, concurrent to 30 years for attempt (first degree murder), and concurrent to 7 years for aggravated criminal sexual abuse. Subsequently, plaintiff filed a motion to reconsider which the court denied.

¶ 11 In March 2005, plaintiff appealed his sentence arguing the trial court improperly increased his sentence by ordering formerly concurrent sentences to run consecutively. In September 2005, this court affirmed the trial court's judgment. *People v. Moore*, No. 4-03-0790 (September 26, 2005) (unpublished order under Illinois Supreme Court Rule 23). Subsequently, plaintiff petitioned for leave to appeal to the Illinois Supreme Court. In January 2006, the supreme court denied plaintiff's petition.

¶ 12 B. Plaintiff's First Postconviction Petition

¶ 13 In April 2002, while his first petition for leave to appeal was pending with the Illinois Supreme Court, plaintiff filed a *pro se* postconviction petition alleging that he was denied effective assistance of trial and appellate counsel. (Champaign County case No. 98-CF-1558). In May 2002, the trial court denied plaintiff's petition finding that the claims plaintiff raised were "frivolous and patently without merit." Plaintiff appealed. In December 2003, this court affirmed the trial court's judgment. *People v. Moore*, No. 4-02-0523 (December 3, 2003) (unpublished order under Illinois Supreme Court Rule 23). Plaintiff petitioned for leave to appeal to the Illinois Supreme Court and in March 2004, the supreme court denied plaintiff's petition for leave to appeal.

¶ 14 C. Plaintiff's Second Postconviction Petition

- 4 -

¶ 15    In July 2006, plaintiff filed a second *pro se* postconviction petition alleging ineffective assistance of trial and appellate counsel where counsel failed to argue that the victim's injury did not satisfy the statutory criteria for imposing consecutive sentences under section 5-8-4(a) of the Unified Code (730 ILCS 5/5-8-4(a) (West 2004).  The trial court denied plaintiff's petition finding it "frivolous, patently without merit and outrageous given the record in this case."  Specifically, the court stated, "since trial counsel and appellate counsel never argued against a position that the trial court didn't take, they cannot be considered ineffective."  The court sentenced plaintiff pursuant to section 5-8-4(b) of the Unified Code (730 ILCS 5/5-8-4(b) (West 2004).  In August 2006, the court denied plaintiff's motion to reconsider the denial of his postconviction petition.  In January 2009, this court affirmed the trial court's judgment.

¶ 16                D. Plaintiff's Federal Writ of *Habeas Corpus*

¶ 17    In February 2007, plaintiff filed a *pro se* petition for writ of *habeas corpus* in the United States District Court for the Central District of Illinois, arguing, in relevant part, that the imposition of consecutive sentences at resentencing improperly increased his sentence.  In January 2008, the district court denied plaintiff's petition for writ of *habeas corpus*.  *Moore v. Hulick*, 2008 WL 268793 (This court may take judicial notice of the district court order entered pursuant to *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37, 992 N.E.2d 125.).  In May 2008, the United States Court of Appeals for the Seventh Circuit found there was no substantial showing of a denial of a constitutional right and denied plaintiff's certificate for appealability.  In June 2008, the court issued its mandate.

¶ 18                E. Current Proceedings

¶ 19    In January 2017, plaintiff filed a *pro se* complaint for declaratory judgment and injunctive relief challenging the constitutionality of his resentencing hearing and resentence in

Champaign County case No. 98-CF-1558. Specifically, plaintiff (1) requested the trial court declare section 5-8-4(b) of the Unified Code (730 ILCS 5/5-8-4(b) (West 2004)), unconstitutional as applied to him and vacate his sentence and (2) claimed he was denied effective assistance of counsel at his resentencing hearing.

¶ 20    In July 2017, defendants moved to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)), where (1) plaintiff's complaint failed to state a cause of action against any defendant, (2) plaintiff's claims were barred by *res judicata* and collateral estoppel, (3) plaintiff's claims against the circuit court of Champaign County were barred because it is not an entity capable of being sued, and (4) plaintiff's claims were barred by *laches*. In March 2018, the trial court granted defendants' motion to dismiss.

¶ 21    This appeal followed.

¶ 22                                II. ANALYSIS

¶ 23    On appeal, plaintiff argues the trial court erred by granting defendants' motion to dismiss where (1) his complaint stated a cause of action against defendants, (2) his claims were not barred by *res judicata* or collateral estoppel, (3) the circuit court of Champaign County was an entity capable of being sued, and (4) his claims were not barred by *laches*. As we find the issue dispositive, we turn to whether plaintiff's claims were barred by *res judicata*.

¶ 24    Defendants argue the trial court properly granted their motion to dismiss where plaintiff's claims were all based on the same events involved in plaintiff's previous actions and thus barred by the doctrine of *res judicata*. Plaintiff argues *res judicata* does not apply because at no time was plaintiff a party to any actions that resulted in a final judgment relating to the constitutionality of section 5-8-4(b) of the Unified Code (730 ILCS 5/5-8-4(b) (West 2004)).

Orders dismissing an action pursuant to section 2-615 or section 2-619 of the Code are reviewed *de novo*. *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 7, 960 N.E.2d 18.

¶ 25    "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998). " 'The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also [to] prevent[ ] the unjust burden that would result if a party could be forced to relitigate what is essentially the same case.' " *Id.* at 319 (quoting *Henstein v. Buschbach*, 248 Ill. App. 3d 1010, 1015-16, 618 N.E.2d 1042, 1046 (1993)).

¶ 26    It is well established that *res judicata* bars not only matters that were decided in the first action, but all matters that could have been decided in that action. *Id.* at 302. "For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Id.* (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456, 458 (1994)). We analyze the three requirements below.

¶ 27    First, we analyze whether a final judgment on the merits was entered in plaintiff's prior cases. A judgment is final when it terminates the litigation and fixes absolutely the rights of the parties, leaving only enforcement of the judgment. *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17, 124 N.E.3d 962. Illinois Supreme Court Rule 273 provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

¶ 28 A final judgment on the merits was entered in plaintiff's criminal case. (Champaign County case No. 98-CF-1558). In July 2003, the trial court resentenced plaintiff to 75 years' imprisonment. Plaintiff appealed and in September 2005, this court affirmed the trial court's judgment. *People v. Moore*, No. 4-03-0790 (September 26, 2005) (unpublished order under Illinois Supreme Court Rule 23). In January 2006, the Illinois Supreme Court denied plaintiff's petition for leave to appeal.

¶ 29 A final judgment on the merits was entered in plaintiff's postconviction proceedings. A dismissal of a postconviction petition as frivolous or patently without merit is a final judgment. 725 ILCS 5/122-2.1(a)(2) (West 2016). In plaintiff's first postconviction petition, the trial court denied plaintiff's petition finding the claims raised were "frivolous and patently without merit." In December 2003, this court affirmed the trial court's judgment. *People v. Moore*, No. 4-02-0523 (December 3, 2003) (unpublished order under Illinois Supreme Court Rule 23). In March 2004, the Illinois Supreme Court denied plaintiff's petition for leave to appeal.

¶ 30 In plaintiff's second postconviction petition, the trial court again denied plaintiff's petition finding it "frivolous, patently without merit and outrageous given the record in this case." In January 2009, this court affirmed the trial court's judgment.

¶ 31        A final judgment on the merits was also entered in plaintiff's federal

*habeas corpus* case. *Moore v. Hulick*, 2008 WL 268793. In January 2008, the district court

denied plaintiff's petition for *habeas corpus*. Plaintiff appealed and the Seventh Circuit found no

substantial showing of a denial of a constitutional right and denied plaintiff's certificate for

appealability. In June 2008, the court issued its mandate. Accordingly, we find the first

requirement for applying *res judicata* was met where a final judgment on the merits was entered

in plaintiff's prior cases.

¶ 32        Second, we analyze whether there is an identity of cause of action between

plaintiff's present cause of action and his causes of action in his prior cases. "A cause of action

is defined by the facts which give a plaintiff a right to relief." *Rein v. David A. Noyes & Co.*, 172

Ill. 2d 325, 338, 665 N.E.2d 1199, 1206 (1996). In determining whether actions are the same for

*res judicata* purposes, Illinois courts apply the transactional test. *River Park, Inc.*, 184 Ill. 2d at

310-11. Under this approach, "separate claims will be considered the same cause of action for

purposes of *res judicata* if they arise from a single group of operative facts, regardless of

whether they assert different theories of relief." *Id.* at 311.

¶ 33        Plaintiff's present cause of action is based on the same operative facts as

plaintiff's causes of action in his prior cases. Here, plaintiff claimed that his resentencing

hearing and resentence in Champaign County case No. 98-CF-1558 was unconstitutional where

(1) the trial court imposed consecutive sentences on him pursuant to section 5-8-4(b) of the

Unified Code, in violation of his right to due process where it allowed the judge, instead of a

jury, to find that the sentence was required to protect the public and allowed the judge to impose

this sentence without giving proper notice and (2) he was denied effective assistance of counsel

at his resentencing hearing.

¶ 34　　　　In his criminal case, plaintiff on direct appeal claimed that applying the consecutive and extended-term sentencing provisions of 730 ILCS 5/5-8-4 (West 1998) and 730 ILCS 5/5-5-3.2(b)(2) (West 1998) to him violated his constitutional right to due process and violated his right to a jury trial by subjecting him to increased punishment without notice or a jury finding based upon proof beyond a reasonable doubt of the facts necessary for imposing the increased terms of imprisonment.  (Champaign County case No. 98-CF-1558).  After this court vacated and the trial court resentenced plaintiff, plaintiff appealed his resentence arguing the trial court improperly increased his sentence by ordering formerly concurrent sentences to run consecutively.

¶ 35　　　　In his second postconviction proceeding, plaintiff alleged ineffective assistance of trial and appellate counsel where counsel failed to argue that the victim's injury did not satisfy the statutory criteria for imposing consecutive sentences under section 5-8-4(a) of the Unified Code (730 ILCS 5/5-8-4(a) (West 2004).  Furthermore, in his federal *habeas corpus* case, plaintiff argued the imposition of consecutive sentences on resentencing improperly increased his sentence.

¶ 36　　　　We find plaintiff's present cause of action is based on the same causes of action in plaintiff's criminal case, postconviction proceedings, and federal *habeas corpus* case where the causes of action arise from the same core of operative facts. Like plaintiff's prior cases, plaintiff's present cause of action is related to plaintiff's sentence in Champaign County case No. 98-CF-1558.  Accordingly, we find the second requirement for applying *res judicata* was met where there is an identity of cause of action between plaintiff's present cause of action and his causes of action in his prior cases.

¶ 37    Third, we analyze whether there is an identity of parties or their privies between plaintiff's present case and his prior cases.  In deciding whether parties are identical or in privity, the nominal identity of the parties does not control.  *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296, 602 N.E.2d 820, 825-26 (1992).  Rather, it is the identity of interests that is determinative.  *Id.*  Privity is said to exist between parties who adequately represent the same legal interests.  *Id.*

¶ 38    Plaintiff is a party to the present case and to all prior cases.  While defendants were not parties in plaintiff's prior cases, they are in privity with the State of Illinois from plaintiff's criminal case and postconviction proceedings and the warden from plaintiff's federal *habeas corpus* case where they all maintain the same legal interests.  As we stated above, the cause of action in the present case mirrors the causes of action in plaintiff's prior cases, thus the parties in the present case and the parties in the prior cases interests are substantially aligned.

¶ 39    Accordingly, because the third requirement was met, we find plaintiff's claims are barred by *res judicata*.  Therefore, the trial court properly granted defendants' motion to dismiss.

¶ 40                                    III. CONCLUSION

¶ 41    For the foregoing reasons, we affirm the trial court's judgment.

¶ 42    Affirmed.